ANNETTE BARKER & another *vs.* HENRY F. BARROWS.

Bristol. Oct. 28, 1884. — Feb. 27, 1885. C. ALLEN & COLBURN, JJ.,
absent.

At the trial of a writ of entry, dated in 1883, it appeared that the demanded premises were conveyed by A., in 1829, to the ancestor of the demandant; that, in 1837, A. conveyed the same premises to the inhabitants of a school district, "their successors and assigns forever," by a deed which contained, after a description of the premises, the words, "Said lot of land to be used, occupied, and improved by said inhabitants as a school-house lot, and for no other purpose;" that, from 1837 to 1882, the school district had the exclusive use of the premises for school purposes, and had taken exclusive care of it; and that, in 1882, the school district conveyed the premises to the tenant, the school-house was removed, and the premises ceased to be used for school purposes. *Held,* that the demandant's ancestor was disseised in 1837; that the deed to the school district was in form a deed in fee; and that the statute of limitations, Pub. Sts. c. 196, was a bar to the action.

WRIT OF ENTRY, dated February 15, 1883, to recover a parcel of land in Attleborough. Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Gardner*, J., who reported the case for the determination of this court, in substance as follows :

The demandants offered in evidence a warranty deed from Samuel Richards to Elihu Daggett, dated and recorded on August 15, 1829, of certain land, including the demanded premises; also a quitclaim deed from Elihu Daggett to Jesse F. Richards, the father of the demandants, dated December 29, 1829, and recorded January 2, 1830, which the judge found included the demanded premises. The demandants are the children and only heirs at law of Jesse F. Richards, who lived in North Attleborough, and died intestate in 1882.

The tenant offered in evidence a deed of the demanded premises, dated July 3, 1837, and recorded March 1, 1843, by which Elihu Daggett conveyed unto the "inhabitants of School District No. Four, their successors and assigns forever," the demanded premises. The deed contained, after the description of the premises, the words, "Said lot of land to be used, occupied, and improved by said inhabitants as a school-house lot, and for no other purpose." The habendum of the deed was "to the said inhabitants, their successors and assigns, to them and their use

and behoof forever." The deed also contained full covenants of seisin, of freedom from incumbrances, and of warranty.

The tenant also offered in evidence a warranty deed of the demanded premises, from said school district to the tenant, dated and recorded on September 20, 1882, which contained no restrictions as to the use of the lot; also a deed from Lyman W. Daggett, heir at law of said Elihu, to Handel N. Daggett, dated September 16, 1882, and recorded September 20, 1882, conveying all the right, title, and interest of said Lyman in the demanded premises; also a deed from said Handel N. to the tenant, dated September 16, 1882, recorded September 20, 1882, conveying the same right, title, and interest set out in the deed of Lyman to Handel.

It was admitted at the trial, "that a school-house has been on this lot and a school has been kept there; that, since 1837, School District No. 4 has had exclusive use of the locus for school purposes; and that the district has taken exclusive care of it." It was in evidence that, since said school district conveyed to the tenant in September, 1882, the premises have not been used for school purposes; and that the school-house thereon was removed before the demandants brought this action.

There was no evidence that Jesse F. Richards, since 1837, ever possessed, occupied, had seisin of, or controlled, the demanded premises, or that its possession by the district (admitted by the parties as above stated) was ever disputed by any one, or was by the license or permission of any one, except so far as appears from the evidence herein stated, or may properly be inferred therefrom.

Each party contended that, as matter of law, upon the evidence, he was entitled to judgment. The judge found for the demandants.

Final judgment was to be entered for either party, as the court might determine.

*T. M. Stetson*, (*J. E. Pond, Jr.* with him,) for the tenant.

*C. W. Clifford & F. C. S. Bartlett*, for the demandants.

W. ALLEN, J. One inference of law from the facts stated in the report is, that Jesse F. Richards, the ancestor of the demandants, was seised of the premises under the deed of Elihu Daggett to him, delivered and recorded in 1829. Another inference

of law is, that the same Jesse F. Richards was disseised of the premises by School District No. 4 in Attleborough in 1837; and he never afterwards entered upon the premises or recovered seisin thereof. The statute of limitations is therefore a bar to the action. Pub. Sts. *c.* 196. Gen. Sts. *c.* 154. Rev. Sts. *c.* 119.

The argument for the demandants, as we understand it, is that the school district entered under a deed to it from a stranger, which, while it gave the grantee no right or title, showed that it entered claiming an estate less than a fee simple; and that the purpose of the entry and possession were such that the act could not constitute a disseisin.

Without considering the answer that an actual ouster, the beginning of a possession exclusive, notorious, adverse, and uninterrupted for forty years, cannot be qualified into something less than a disseisin, by showing that it was under the deed of a stranger having neither title nor possession, purporting to convey less than an estate in fee simple, it is a sufficient answer to the argument, that the deed in question did purport to convey an estate in fee simple. It is in the common form, and contains the usual covenants of a deed of warranty. The only question made is upon the effect of the words immediately following the description of the land, "Said lot of land to be used, occupied, and improved by said inhabitants as a school-house lot, and for no other purpose." If these words constituted a condition, the deed would still purport to convey an estate in fee simple, absolute against the true owner and all the world except the grantor and his heirs or devisees. But they do not import a condition, or in any way limit the legal estate granted by the terms of the deed. *Rawson* v. *Uxbridge School District*, 7 Allen, 125. *Sohier* v. *Trinity Church*, 109 Mass. 1, 19. *Packard* v. *Ames*, 16 Gray, 327. *Episcopal City Mission* v. *Appleton*, 117 Mass. 326. So far as the deed affects the character of the entry, it tends to show that it was under a claim of title in fee simple.

*Judgment for the tenant.*