The Indianapolis and Vincennes Railroad Company *et al.* *v.* Reynolds.

Petition overruled.

Filed Dec. 20, 1888.

No. 13,421.

THE INDIANAPOLIS AND VINCENNES RAILROAD COMPANY
ET AL. *v.* REYNOLDS.

RAILROAD.—*Right of Way.—Width.—Ambiguous Contract.—Parol Explanatory Evidence.*—What shall constitute a right of way for a railroad is not defined by law, but, like any other easement, it is a subject of contract, and when the contract, as to the width of the right of way, is general or ambiguous, the intention of the parties may be shown by parol evidence of their contemporaneous acts and declarations.

SAME.—*Release.—Indefinite Right of Way.—Intention of Parties.—Evidence.—Ejectment.*—Where a land-owner executes a release to a railroad company for a right of way in general terms, the width not being given, and the railroad company takes possession of, fences and constructs its road upon a strip forty feet wide, and occupies the same for eighteen years, when it sets its fences out so as to include one hundred feet, the land-owner, in an action by him to recover the added sixty feet, may show by parol that the right of way released consisted merely of the forty feet originally occupied by the company.

From the Marion Superior Court.

*S. O. Pickens,* for appellants.

*J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellee.

MITCHELL, J.—The decision in this case depends almost entirely upon the construction of a written instrument, pur-

porting to be a release of a right of way over certain lands, executed by Jesse A. Reynolds to the Indianapolis and Vincennes Railroad Company.

The question to be decided is presented in various forms by the record. It appears that in the year 1867, the railroad company, having surveyed and being about to locate and construct its road, was desirous of procuring a right of way over certain lands owned by Reynolds. Having made a number of ineffectual attempts to agree upon the amount of compensation to be paid, a written agreement was afterwards entered into by the parties concerned, in which they bound themselves to abide the decision of arbitrators mutually chosen, as to the amount to be paid for a right of way over the lands above mentioned.

The arbitrators assessed the damages at $500, which sum was paid by the railroad company to Reynolds, who thereupon executed the release in question. It was recited therein that in consideration of the above mentioned sum, and of the advantages that might result from the construction of the railroad as then surveyed, or as it might be finally located, the releaser did "forever quitclaim to the Indianapolis and Vincennes Railroad Company the right of way for so much of said railroad as may pass through the following described piece, parcel or lot of land in the county of Marion," etc.

Both in the agreement to arbitrate and in the release the phrase "right of way" was employed without any further description, and without defining the width of the strip of ground granted to or to be occupied by the company. Immediately after paying the money and receiving the release, the railroad company took possession of a piece of land forty feet wide across Reynolds' farm, located and constructed its railroad thereon, and fenced the same on either side. The company occupied and used the land thus fenced for its right of way for a period of eighteen years, and until 1885, when, claiming that because the release defined no particular width it conveyed a strip of ground six rods wide, the company

proceeded to set its fences out on each side so as to include one hundred feet in width across the farm.

This action was brought to recover possession of the sixty feet included by the fences as newly erected outside the forty feet originally enclosed.

For the railroad company it is contended that the legal effect of the release was to grant a right of way to the railroad company six rods in width, and that the court erred in permitting the plaintiff to aver and prove that the right of way released to the railroad company, and for which it paid, was the forty feet originally occupied and fenced by the defendant company.

The position contended for is not maintainable. Conceding that the instrument in question is valid as a grant of an easement, it is nevertheless certain that it was only effectual to vest in the railroad company the right to select and locate a right of way over the plaintiff's farm to be occupied and used in pursuance of its general purpose to construct and operate a railroad. *Burrow* v. *Terre Haute, etc., R. R. Co.*, 107 Ind. 432.

The writing is general, indefinite and ambiguous, both in respect to the place where the plaintiff's farm was to be crossed, and the width of the strip of land to be occupied for a right of way. Before an actual entry upon and occupation of a right of way by the railroad company, the agreement would only have been enforceable by the aid of extrinsic evidence, showing the contemporaneous acts and intention of the parties, and thus defining and limiting the easement granted. Thus, in *French* v. *Hayes*, 43 N. H. 30, the court, expressing the general rule, said: "Where any doubt arises as to the meaning of any written instrument, as for example a contract, deed, or will, the court endeavors to put itself in the place of the parties, by receiving evidence of the surrounding circumstances. * * If the description of any person, or thing, or circumstance, is true in part, but not true in every particular, parol evidence is admissible of

NOVEMBER TERM, 1888.      359

The Indianapolis and Vincennes Railroad Company *et al. v.* Reynolds.

any extrinsic circumstances tending to show what person or persons, or what things were intended, or to ascertain the meaning in any other respect." Or, as was said by this court in *Torr* v. *Torr*, 20 Ind. 118 : "Where the description, so far as it goes, is consistent, but does not appear to be complete, it may be completed by extrinsic, parol evidence, provided a new description is not introduced into the body of the contract." *Skinner* v. *Harrison Tp., ante*, p. 139; *Roehl* v. *Haumesser*, 114 Ind. 311, and cases cited; *Keller* v. *Webb*, 125 Mass. 88; *Miller* v. *Stevens*, 100 Mass. 518.

The grant in question was of an easement, or "right of way," across the grantor's land. In a general sense the phrase employed is sufficiently free from ambiguity, but inasmuch as a railroad company is empowered to lay out its road not exceeding six rods wide, the expression is ambiguous in the absence of further definition.

The intention of the parties in respect to the width of the right of way does not appear on the face of the writing, and it was hence competent to remove the ambiguity by admitting parol evidence of their contemporaneous acts and negotiations, so as to apply the contract to the subject-matter, and ascertain their intention as regards the particular right of way mentioned. This was not in violation of the well settled rule which forbids that a plain and unambiguous contract be varied, added to or contradicted by parol. *Singer Manf'g Co.* v. *Forsyth*, 108 Ind. 334, and cases cited.

The right of way having been granted without fixed or defined limits, there was no other way of arriving at the intention of the parties except to resort to their acts and declarations preliminary to, and while they were engaged in making the actual location of the undefined right of way.

Thus, in *Jennison* v. *Walker*, 11 Gray, 423, BIGELOW, J., speaking of the principle which rules this case, said : "Where an easement in land is granted in general terms, without giving definite location and description to it, so that the part of the land over which the right is to be exercised can not be

definitely ascertained, the grantee does not thereby acquire a right to use the servient estate without limitation as to the place or mode in which the easement is to be enjoyed. When the right granted has been once exercised in a fixed and defined course, with the full acquiescence and consent of both parties, it can not be changed at the pleasure of the grantee." " This rule," said the same learned judge, " rests on the principle that where the terms of a grant are general or indefinite, so that its construction is uncertain and ambiguous, the acts of the parties, contemporaneous with the grant, giving a practical construction to it, shall be deemed to be a just exposition of the intent of the parties." *Onthank* v. *Lake Shore, etc., R. R. Co.,* 71 N. Y. 194; *Wynkoop* v. *Burger,* 12 Johns. 222; *Bannon* v. *Angier,* 2 Allen, 128.

There would be force in the argument by which counsel seeks to maintain that, in the absence of a defined width, it must be conclusively presumed that a right of way six rods wide was intended, if the statute required that a railroad company should always and in every instance lay out its road the width above specified. A legal presumption would then arise that by the grant of a " right of way " it was intended to grant such a one as the law defined, and the rule would apply which holds that words imported into a contract by law are as unassailable by parol as if they had been written in by the parties. *Snow* v. *Indiana, etc., R. W. Co.,* 109 Ind. 422; *Smythe* v. *Scott,* 106 Ind. 245.

But the law does not define what shall constitute a right of way, nor has the phrase " right of way," as to its extent, any fixed legal meaning. The width of a right of way for a railroad, like any other easement, is, therefore, a subject of contract, and, when the contract is general or ambiguous, the intention of the parties must be ascertained in the manner already indicated. It was therefore proper to aver and prove the contemporaneous acts and declarations of the parties.

It is claimed that *Indianapolis, etc., R. W. Co.* v. *Rayl,* 69 Ind. 424, *Prather* v. *Western Union Tel. Co.,* 89 Ind. 501,

and *Campbell* v. *Indianapolis, etc., R. R. Co.*, 110 Ind. 490, support the contention of the appellant in the present case. We entertain a different view of these decisions. They decide, in effect, that where a railroad company enters upon land and takes possession of, and occupies a right of way of the full width authorized by law, or by its charter, no limitation upon its right to do so appearing, it will be conclusively presumed that it appropriated the lands so occupied or taken possession of to the full width allowed by law. This is the correct doctrine, and is in accord with our holding in the present case.

There was no error in admitting evidence to show that the railroad company contracted for and occupied a right of way forty feet in width on either side of the plaintiff's farm.

The judgment is affirmed, with costs.

