JOSEPH W. BATTELLE *vs.* NEW YORK, NEW HAVEN, AND HART-
FORD RAILROAD COMPANY & another.

Norfolk.   November 16, 1911. — March 12, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Deed,* Construction.  *Easement.  Way,* Private.  *Land Court.  Railroad.*

In a deed conveying to a railroad corporation two parcels of land adjoining on
either side the location of its railroad, the granting clause and the habendum
clause were in the usual and proper terms to convey the land in fee.  Following
the description of the land was the following clause: " It is hereby intended to
convey the above premises to the said railroad company to be used for a public
road and depot and railroad purposes only.  Reserving to the grantor, her heirs
and assigns, the use of said granted premises for ingress and egress to and from
her land adjoining."  There was a clause of general warranty which excepted
from its operation only " the aforesaid reservations."  On acquiring the land the
railroad corporation constructed across it a public road and over a part of it
built a railroad station.  Afterwards the station was destroyed by fire and was
rebuilt on other land but it was approached from the highway over the land in
question.  *Held,* that, subject to the right of ingress and egress reserved for the
benefit of the grantor's adjoining land, the land was conveyed to the railroad
corporation unconditionally in fee simple.

A grantor conveyed to W certain lots of land together with the fee in half of a
town way adjoining one of them, "reserving to herself and her heirs and assigns
all right to the aforesaid town road opposite the last named lot of land, in case
the said road be discontinued, allowing the said W to pass and repass to and
from his land."  The town way was discontinued, and the fee in half of the
part of it opposite the lot passed to the successor in title of the grantor.
The title of W had passed to another person.  *Held,* that such half of the part
of the old town way was subject to a right of passing and repassing appur-
tenant to the land formerly of W, the right of way not having been personal
to W but having been granted in fee with the land to which it was appurtenant
under the habendum clause of the deed to him as a part of the estate out of
which the reservation was carved.

Under R. L. c. 128, § 18, as amended by St. 1905, c. 249, § 2, the Land Court may
register the title to an estate in fee in land under a railroad location, although
the rights of the railroad corporation, assuming them to have been acquired
by eminent domain, are substantially permanent and practically exclusive so
long as the land is used for the purposes of a railroad.

PETITION, filed in the Land Court on November 30, 1910, for
the registration of the title to certain land in the town of Need-
ham, lying between the Charles River and the station of the
New York, New Haven, and Hartford Railroad Company at

Charles River Village, on both sides of a travelled way known as Fisher Street.

The case was heard by *Davis*, J., who made an order for a decree for the petitioner in accordance with the rulings which are stated in the opinion, and reported the case for determination by this court. The questions presented by the report and the facts relating to them are stated in the opinion.

*R. W. Hale*, for the petitioner.

*A. W. Blackman*, for the respondent railroad company.

*F. J. Tuttle*, for the respondent Defren.

DeCourcy, J. The report of the judge of the Land Court presents three questions for our determination.

1. The first issue is between the petitioner and the New York, New Haven, and Hartford Railroad Company and involves the construction of a deed. The facts that raise the question of law are stated in the decision of the Land Court as follows: "The principal controversy is in regard to the ownership of certain portions of the land claimed by the petitioner on either side of the railroad location which were covered by a deed given by Mary Battelle, predecessor in title to the petitioner, to the Boston, Hartford and Erie Railroad Company, predecessor in title to the respondent railroad, dated July 21, 1866. By this deed Mary Battelle, in consideration of $175, gave, granted, bargained, sold and conveyed unto the said railroad a tract of land on the north of the centre line of the railroad location containing sixty-seven square rods, and an adjoining tract of land on the south side of said centre line containing sixty-two square rods. Following the description of the two parcels the deed recited: 'It is hereby intended to convey the above premises to the said railroad company to be used for a public road and depot and railroad purposes only. Reserving to the grantor, her heirs and assigns, the use of said granted premises for ingress and egress to and from her land adjoining.' Then followed the usual habendum clause, 'to the said railroad company their assigns, to their own use and behoof forever.' Shortly after this deed was given the railroad company made material changes in the grade of its roadbed, blocking up an old road which had run along the river bank and building a new one through the tract so conveyed, and building partly within the limits of the land described in said deed, and partly

within the limits of its adjoining railroad location, a depot. This depot was maintained until within a short time before this action was brought, when it burned down, and a new station has been erected on land a short distance to the southeast, taken from the petitioner for station purposes in January, 1910, under the provisions of chapter 463 of the Acts of 1906."

The petitioner contends that said deed conveyed to the grantee only a use "for a public road and depot and railroad purposes" and reserved a resulting use to the grantor; and that the language of the deed and the intention of the parties require such construction. We are of opinion that the judge was right in ruling that by the deed in question title to the land therein described passed to the railroad company in fee simple. The deed evidently was prepared by a person skilled in conveyancing. The granting clause and the habendum were in the usual and proper terms to transfer a fee, and the general warranty, by the use of the words "except the aforesaid reservations," reserved from its operation only "the use of said granted premises for ingress and egress to and from her land adjoining." If it was the grantor's purpose to have the title of the land she was selling revert to her unless the use of the property for railroad purposes should be perpetual, she naturally would have inserted in the deed a technical common law condition and not a mere statement which at most is a covenant or agreement. *Rawson* v. *Uxbridge,* 7 Allen, 125. *Barker* v. *Barrows,* 138 Mass. 578. *French* v. *Quincy,* 3 Allen, 9.

So far as the surrounding circumstances throw light upon the fair meaning of the instrument, they indicate that the parties intended a conveyance of the fee and not of a mere easement or restricted use. Presumably the grantor was paid full value for the land, and the grantee's purpose in buying it was to make changes in grade, construct a new public road and build a railroad station, all of a permanent character. And although the present station stands on other land it is approached from the highway over the locus.

The Land Court was right in ruling that, subject to rights of ingress and egress reserved for the benefit of the grantor's adjoining land, this deed passed title in fee simple to the lozenge shaped tract; and that the petitioner is not entitled to register

as appurtenant to his remaining land any right over the parcel in question except said rights of ingress and egress.

2. The petitioner's mother, the whole of whose title he now has, by deed dated October 14, 1864, conveyed to öne Welch, the predecessor in title of the respondent Defren, two pieces of land together with that half of the fee in a town way which adjoined one of them. Following the description in the deed is this clause: "The said Battelle reserving to herself and her heirs and assigns all right to the aforesaid town road opposite the last named lot of land, in case the said road be discontinued, allowing the said Welch to pass and repass to and from his land."

The judge of the Land Court found that this town way was discontinued in or about 1867, and ruled that the title to that part of the fee of the old town way which is referred to by this deed is in the petitioner. He also ruled that it is all subject to a right of passing and repassing appurtenant to such portion of the land now of Defren as was conveyed to Welch by the deed under consideration. The correctness of this latter ruling is now before us.

The narrow question is whether this right of way was personal to Welch. The deed to Welch conveyed to him a title in fee not only in the two lots of land but also in one half of the town way which adjoined one of them. Mrs. Battelle did not attempt to retain the fee in the road by excepting it from her grant. In order that such fee might become vested in her in case the road should be discontinued she inserted in her deed a reservation or implied grant, which expressly enured to "her heirs and assigns." *Ashcroft* v. *Eastern Railroad,* 126 Mass. 196. The right to pass and repass over this road when discontinued was plainly left in Welch, from whose title the reservation to Mrs. Battelle was carved; and this right, together with his title to the two lots, was one that enured to his heirs and assigns by force of the habendum in his deed. This same result was arrived at by the Land Court by construing the clause in the deed as an agreement for the benefit of the land and as creating a right in perpetuity; *Bailey* v. *Agawam National Bank,* 190 Mass. 20; but we prefer to rest it upon the ground above stated. The court rightly ruled that the title to that part of the fee of the old town way which is referred to by this deed is in the petitioner, but that it is all subject to a right of passing and repassing appurtenant to such

portion of the land of Defren as was conveyed to Welch by the deed in question, and must be so registered.

3. The judge found that the petitioner showed title to the fee under the railroad location and under its station location; and ruled that the statute permitted the registration of such a fee subject to such easements. The land registration statute provides that "application for registration of title may be made by . . . the person or persons who claim . . . to own the legal estate or easements or rights in land held and possessed in fee simple." R. L. c. 128, § 18, as amended by St. 1905, c. 249, § 2. And see R. L. c. 128, §§ 89, 90. The finding of the Land Court that the petitioner has an estate in fee is conclusive upon us under this report, and brings the petitioner's title within the express wording of the statute. The rights of the defendant acquired presumably by eminent domain, whether defined as easements or otherwise, are substantially permanent and practically exclusive so long as its location is used for the purposes of a railroad, and we are not to assume that these rights will be impaired in the final decree for the petitioner. *Boston & Maine Railroad* v. *Hunt,* 210 Mass. 128. *Newton* v. *Perry,* 163 Mass. 319.

The rulings and decision of the Land Court are affirmed and a final decree is to be entered accordingly.

*So ordered.*