181 So. 445

**ARKANSAS IMPROVEMENT CO. et al. v.
KANSAS CITY SOUTHERN RY.
CO. et al.**

No. 34286.

April 4, 1938.

Rehearing Denied May 2, 1938.

Ben E. Coleman and Barksdale, Bullock, Warren, Clark & Van Hook, all of Shreveport, for appellants.

F. H. Moore, of Kansas City, Mo., and Wilkinson, Lewis & Wilkinson, of Shreveport, for appellees.

Tucker & Mason and Herold, Cousin & Herold, all of Shreveport, for appellee Drillers, Inc.

ODOM, Justice.

The issue involved in this suit is whether the land described in the instrument, which we quote in full below, is owned by the defendant railroad company in fee or wheth-

er the railroad company has a mere easement or servitude thereon. This involves an interpretation of the deed in connection with the testimony taken at the trial.

The suit is a petitory action. Plaintiffs allege that they acquired the property in April, 1904, from the Arkansas Townsite Company by deed recorded in the notarial records of Caddo parish, and "that petitioners have never sold or parted with the fee title to said property and the oil, gas or other minerals thereunder."

In their petition plaintiffs refer to the deed here involved and allege that it conveyed a mere right of way or servitude on the property and not the title in fee.

The defendants filed a plea of estoppel and attached thereto a copy of the deed. The basis of the plea is that the deed itself shows that plaintiffs sold the land in fee and are now estopped from asserting any claim thereto. By order of the court, the plea was tried separately. Evidence was adduced at the trial.

After the plea of estoppel was filed, plaintiffs filed an amended petition in which they alleged that, in case the court should hold that the railroad acquired a fee-simple title to the land, "including the minerals and mineral rights pertaining thereto, then and in that event, in the alternative, plaintiffs show that said deed is null and void for want of consideration; that no consideration was paid by the vendee to the vendor for said property."

They prayed in the alternative that said deed be set aside, annulled, and canceled.

On first hearing, the trial judge sustained the plea of estoppel, holding that "the deed from plaintiffs to the Kansas City, Shreveport & Gulf Railway Company conveyed a fee title and not merely a servitude."

On rehearing, however, the court adhered to its ruling that the plea of estoppel was good, but said that its judgment maintaining that plea was not intended to, and did not, dispose of plaintiffs' alternative demand that the deed be annulled for want of consideration. Plaintiffs appealed from the judgment.

In this court, defendants filed exception of no cause or right of action. However, having reached the conclusion that the judgment of the lower court maintaining the plea of estoppel should be affirmed, we shall not pass upon the exception.

The deed referred to reads as follows:

"State of Louisiana  } SS.
"Parish of Caddo    }

"Know all men by these presents, That the Arkansas Improvement Company, a corporation duly organized under the laws of the State of Missouri, and domiciled at Many, in the Parish of Sabine, Louisiana, by E. O. Haight, President, he being thereto duly authorized, for and in consideration of the sum of One Dollar (1.00) to it in hand paid by the Kansas City, Shreveport and Gulf Railway Company, a corporation duly organized under the laws of the State of Louisiana, and domiciled in the City of Shreveport, Louisiana, has Remised, Released, Quit-claimed and Conveyed, and by these presents does Remise, Release, Quit-claim and Convey unto the said Kansas City,

Shreveport and Gulf Railway Company, its successors and assigns, for additional right-of-way, all that lot or parcel of land situated in the Parish of Caddo, State of Louisiana, described as follows:

"A part of the Southwest quarter of Section Twenty-three (23) Township Twenty-three (23) North, Range Sixteen (16) West (SW¼ Sec. 23 T. 23 N. R. 16 W) Caddo Parish, Louisiana, more particularly described as follows:

"All of the tract of land lying between the North line of the Southwest quarter of Section Twenty-three (23) and the South line of said Section Twenty-three and between the Westerly line of East Front Street and the Easterly line of West Front Street in the town of Rodessa, Louisiana, except that part of said tract of land which is included within present right-of-way of the Kansas City, Shreveport & Gulf Railway Company.

"The above described tract of land contains approximately six and seven-tenths (6.7) acres, and is indicated by space enclosed in yellow lines on attached blue print.

"To have and to hold, the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging, to the Kansas City, Shreveport & Gulf Railway Company, its successors and assigns, for railroad purposes, forever.

"In witness whereof, the Arkansas Improvement Company, by authority of its Board of Directors, has caused this deed to be executed in its name, by its President, in the presence of E. L. Haight and Geo. Sheen, lawful witnesses and its corporate seal to be hereto affixed, attested by its Secretary, on this 10th day of March A. D. 1905.

"Arkansas Improvement Company
"By E. O. Haight, President
"Attest:
"L. Heinecker, Secretary."

This deed has all the earmarks of an outright sale of the land in fee. It recites that the land is "Remised, Released, Quitclaimed and Conveyed" to the railroad company "forever." These terms indicate very clearly that the vendor intended to convey a fee title and not merely a right of passage or servitude.

But following the above language quoted from the instrument is the phrase "for additional right-of-way," and in the habendum clause is the phrase "for railroad purposes." The word "forever" is found in the habendum clause immediately following the words "for railroad purposes."

Counsel for plaintiffs, appellants here, cite 18 C.J. 252, 254; Moore Planting Co. v. Morgan's La. & T. R. & S. S. Co., 126 La. 840, 53 So. 22, and Natalie Oil Co. v. La. Ry. & Nav. Co., 137 La. 706, 69 So. 146, in support of the general rule which prevails here and elsewhere, that the object of construing a deed is to ascertain the intention of the parties thereto, especially that of the grantor; and they argue that the phrases "for additional right-of-way" and "for railroad purposes" included in this instrument show unmistakably that the grantor intended to convey only a right of way.

This is not necessarily true. The language of this deed does not manifestly show

the intention of the parties. After reading it, we are unable to say definitely that the railroad company did not intend to purchase or that the vendor did not intend to grant full fee title to the land. A railroad company may in any case desire and intend to purchase and own in fee lands necessary for a right of way and for other railroad purposes, and the grantor may be willing to sell, and intend to sell, the lands in fee for those purposes.

In the Moore Planting Co. Case, supra, paragraph 3 of the syllabus reads as follows:

"A right of way may consist either of the fee, or merely of a right of passage and use, or servitude. Whether the one or the other is meant in any particular instrument must be gathered from the instrument as a whole. As a general rule, only a servitude is meant."

In the Natalie Oil Co. Case, supra, this court said (page 147):

" A 'right of way' may consist either of the fee or merely of a right of passage and use; i. e., of a servitude. Whether the one or the other is meant in any particular instance must be gathered from the instrument as a whole. But the court cannot now undertake to pass upon and decide whether the defendant railroad company has merely a servitude upon, or a title in fee to, the land in question. The decision on that point will be reserved for the trial of the cause on the merits."

In the case at bar, the trial judge did not base his conclusion that the instrument here involved conveyed a fee-simple title on the language of the instrument alone, but ordered that the plea of estoppel be set down for trial and ordered that testimony be taken to aid him in determining the intent of the parties. In construing the deed in connection with the testimony taken, he said in his written opinion, which we find in the record, that it was clear to him that the grantor intended to convey the land in fee.

We find in the record the testimony of Mr. E. O. Haight, one of the plaintiffs in this case, who was connected with and who owned practically all the stock of the Arkansas Improvement Company when this deed was signed in 1905 and who himself executed the deed. Mr. Haight was also connected with the Arkansas Townsite Company, which sold the land to the Arkansas Improvement Company, which latter company is also a plaintiff in this suit. Mr. Haight was asked whether either the Arkansas Townsite Company or the Arkansas Improvement Company had ever paid any taxes on the property involved in the suit since 1904. He answered: "No, sir, I have not. I won't say as to 1904, but they haven't for a great many years. * * * I cannot tell you the exact date, but I will say for twenty-five years at least they haven't paid any taxes." He was then asked: "Have either of these companies done anything for the last twenty-five years in the way of keeping possession of that property or keeping watchmen on it or doing anything to evidence ownership?" And he answered: "No, sir." He was asked whether he knew that the railroad company had its depot in the town of Rodessa on one of the strips

of land described in the instrument, and he said he did not.

Mr. Haight's testimony quoted above clearly shows that the property involved was entirely abandoned by the vendor at least twenty-five years ago, and other portions of it indicate that the vendor, which was always represented by him, has not exercised any rights of ownership since the sale made more than thirty years ago. This indicates very strongly that the vendor intended the grant to be one in fee and not merely one of servitude.

The trial judge cited in support of his ruling the case of Askew v. V., S. & P. Ry. Co., 171 La. 947, 132 So. 510. That case involved the title to two acres of land described as, "Also two acres of land for purposes of a railroad depot, to be measured off as follows, to-wit," etc. The contention in that case, as in this one, was that the phrase "for purposes of a railroad depot" indicated that the intention of the vendor was to convey to the railroad company a mere servitude and not a fee title. In that connection, we said:

"Our opinion is that the expression, 'for purposes of a depot,' merely described the purpose, or, we might say, one of the considerations, for which the grant was made. The language of the instrument does not limit the conveyance to that of a mere servitude on the two acres of land."

In the case of Killgore v. Cabell County Court, 80 W.Va. 283, 92 S.E. 562, L.R.A. 1918B, p. 692, it was held that:

"A grant of land to a railroad company is not limited to an easement for the construction of railway tracks thereon by a clause in the deed that such land is conveyed 'for the construction of a double track of railway.' "

See, also, Concklin v. N. Y. C. & H. R. R. Co., 149 App.Div. 739, 134 N.Y.S. 191; Radetsky v. Jorgensen, 70 Colo. 423, 202 P. 175; Battelle v. N. Y., N. H. & H. R. R. Co., 211 Mass. 442, 97 N.E. 1004.

In the case of Johnson v. Valdosta, M. & W. R. R. Co., 169 Ga. 559, 150 S.E. 845, 847, it was held that:

"The language 'right of way,' where it occurs in this conveyance, is descriptive of the property conveyed, and does not define the tenure of the grantee."

See digest of cases in case note, 84 A.L.R. page 271.

The courts hold generally that a reference to the land involved as "right-of-way" or "for railroad purposes" does not necessarily indicate that the intent was to convey a mere easement or servitude, but that the intention must be ascertained by construing the instrument as a whole, and that in this connection extrinsic evidence may be considered.

Counsel for plaintiffs rely chiefly on the case of Noel Estate, Inc., v. K. C., S. & G. Ry. Co., 187 La. 717, 175 So. 468, where the instrument involved was held to convey only a servitude. But in that case, as in many others decided by this court, the language of the instrument itself showed clearly the intent of the parties. In that case the property involved was conveyed "for railroad purposes only and this grant shall be in per-

petuity or so long as it is used by said Company, its successors, or assigns, for railroad purposes, but if abandoned by said Company for such use and purpose, then said land shall revert to the grantor herein or his heirs or assigns."

In the case at bar, the land was granted, not "in perpetuity," but "forever," with no stipulation or suggestion that, in case it should cease to be used for railroad purposes, it should revert to the grantor or its successors or assigns.

In the case of Bond v. T. & P. Ry. Co., 181 La. 763, 160 So. 406, after quoting some of the provisions of the deed, we said (page 407):

"These provisions and stipulations in the grant are all inconsistent with any intention by the parties thereto to convey a fee-simple title to the property."

In that case, as in the Noel Case and others, the language of the instrument itself clearly shows the intention of the parties.

In the case at bar, the intention of the parties does not clearly and manifestly appear from the language of the instrument as a whole. But, by construing the instrument in connection with the testimony of Mr. Haight that the grantor had abandoned the property for a period of more than thirty years, during which time no act of ownership was ever exercised, our conclusion is that the judgment of the district court is correct.

Judgment is affirmed.

O'NIELL, C. J., does not take part.

LAND, J., absent.