28 So.2d 209

**ROWELL et al. v. GULF, M. & O. R. CO.**

**I Div. 267.**

Supreme Court of Alabama.

Dec. 12, 1946.

464

D. R. Coley, Jr., and Sidney S. Pfleger, both of Mobile, for appellants.

McCorvey, Turner & Rogers, C. A. L. Johnstone, Jr., and Carl Fox, all of Mobile, for appellee.

**SIMPSON, Justice.**

Decision rests on the construction to be accorded two certain land deeds of bargain and sale executed respectively by William H. Rowell and wife and Thomas B. McDonald and wife, in 1899, to the Mobile & Ohio Railroad Company.

The deeds were for irregular parcels of land and except for the differences in amounts of the cash consideration, the granting clauses of the two were identical and recited that the grantors "for the further consideration of the benefits to accrue to us from the construction of a railroad on the *strip of land and on the station ground herein conveyed,* do *grant, bargain, sell and convey* unto the said Mobile & Ohio Railroad Company for right of way and station grounds that certain *tract of land* situated in Mobile County, Alabama, more particularly described as follows, to-wit:" After the description of the land, Rowell's deed recited: "The station grounds and right of way herein conveyed and the tract of land herein described being according to a map and survey signed by J. E. Buck, C. E. * * *." The habendum clause of each deed was the same: "To Have And To Hold unto, the said Mobile & Ohio Railroad Company and its successors forever."

Subsequent to 1899 McDonald conveyed to Rowell his interest in his surrounding land including in the conveyance the land sold to the railroad but subject to the rights of the railroad under his former deed to it.

This suit is by the appellants, as executors and trustees under the last will and testament of Rowell, now deceased, who seek to establish title and possession to all of the land conveyed to the railroad company by the said two deeds because of an alleged abandonment thereof as a railroad and station ground by the railroad company's successor, appellee.

The question is whether these instruments conveyed an absolute estate in fee simple of the lands described or a mere easement or servitude thereon.

The quoted language in the deed that the conveyed land was "for right of way and station grounds," and similar language captioning a plat appended to each deed, is the language which appellants claim reduces the quantity of the estate from a fee simple to a base fee. They contend that this language, indicative of a contemplated use of the property, made the title a defeasible one conditioned upon the use thereof as a station ground and railroad and implied a reversion or forfeiture for abandonment.

■ The decided weight of authority is that where the deed, in the granting clause, conveys a right of way only, the estate conveyed is construed to be an easement and not a fee. 132 A.L.R. 172, Note III a; Stevens v. Galveston, H. & S. A. Ry. Co., Tex.Com.App., 212 S.W. 639; Right of Way Oil Co. v. Gladys City Oil Co., 106 Tex. 94, 157 S.W. 737, 51 L.R.A., N.S., 268; Jones v. Van Bochove, 103 Mich. 98, 61 N.W. 342, 343; Cincinnati, I., St. L. & C. Ry. Co. v. Geisel, 119 Ind. 77, 21 N.E. 470; Indianapolis & V. R. Co. v. Reynolds, 116 Ind. 356, 19 N.E. 141; Cleveland, C. C. & I. Ry. Co. v. Coburn, 91 Ind. 557; Blakely v. Chicago, K. & N. R. Co., 46 Neb. 272, 64 N.W. 972; Reichenbach v. Washington Short Line Ry. Co., 10 Wash. 357, 38 P. 1126. Our own court holds to this view. Seaboard Air Line Ry. v. Banks, 207 Ala. 194, 92 So. 117.

But, this principle is without controlling effect here, because the instruments disclose more than a grant of a right of way through or over land. As will appear from the italicized portions above, the deeds contain apt and certain words of an outright conveyance of the land itself. The case before us then is, not the interpretation of instruments conveying a right of way over land, but of the conveying of a tract of land without limitation as regards the use contemplated and without reservation or condition in case of abandonment.

■ There is some contrariety of opinion by the courts in construing instruments of this character, but we think this conflict is due in a measure to the varying language of the deeds brought in for interpretation. On a careful study of the authorities it is our considered opinion that the deeds under review conveyed the entire fee, and not merely an easement.

■ We have said that in construing deeds "The granting clause in a deed prevails over introductory statements in conflict therewith, and over the habendum also [though here, we interpolate, the habendum imports a full fee], if that clause is contradictory of, or repugnant to, said granting clause. Head v. Hunnicutt, 172 Ala. 48, 55 So. 161; Webb v. Webb, 29 Ala. 588. Therefore, when the granting clause provides for a certain or specific estate, and the character or nature of said estate is changed or lessened by some interlocutory clause, or by the habendum, there would be a conflict or repugnancy, and the granting clause should prevail." Graves v. Wheeler, 180 Ala. 412, 416, 61 So. 341, 343.

■ It is also a primary rule of exposition that forfeitures and conditions in grants are not favored in law and, if effective, must be clearly expressed, and every estate in lands is to be taken as a fee simple, though words necessary to create such an estate are not used, unless it clearly appears that a less estate was intended. Hunter v. Murfee, 126 Ala. 123, 28 So. 7; Code 1940, Title 47, § 14 (Code 1896, § 1020).

■ It is also established that "a fee will pass by a deed containing a clause or recital which is merely declaratory of the use contemplated of the land where the other parts of the deed operate as a conveyance of the fee." 18 C.J. 336, § 335. See also 26 C.J.S., Deeds, § 134, p. 436.

■ And, in deeds granting "land" rather than a "right," the fact that the instrument contains additional language embodying some reference to its contemplated use as a "right of way" does not without further qualifying terms operate to limit the estate conveyed or cut it down from a title in fee to an easement. 44 Am.Jur. 317, § 102.

■ The result of the foregoing principles is that a condition sufficient to work a forfeiture by abandonment will not be raised by implication from a mere declaration in the deed that the grant is made for a certain purpose without being coupled with apt words to clearly impose such a condition. See R.C.L. 1103, par. 161.

It is difficult to find such clearly expressed condition here. Indeed, from aught that can be gathered from the language of the deeds the sale might have been for a right of way and station ground and still have been a sale of land and not an easement, and in no sense a debasement of the fee, so clearly conveyed by the granting and habendum clauses of the two instruments. If an incorporeal right were intended to be granted, apt words should have been employed to clearly indicate such and to specifically qualify these controlling clauses. As observed in a similar case (our interpolation), "If it was the grantor's purpose to have the title of the land she [he] was selling revert to her [him] unless the use of the property for railroad purposes should be perpetual, she [he] naturally would have inserted in the deed a technical common law condition and not a mere statement which at most is a covenant or agreement. Rawson v. Inhabitants of Uxbridge, 7 Allen, Mass., 125, 83 Am.Dec. 670; Barker v. Barrows, 138 Mass. 578; French v. Inhabitants of Quincy, 3 Allen 9." In re Battelle, 211 Mass. 442, 97 N.E. 1004, 1005.

There is precedent in our own court supporting this view. The case of Hunter v. Murfee, supra, influences our conclusions. This case held that the deed of the specified lot to the trustees of Howard College, to have and to hold said premises to them and their successors in office "To the use of said college" imported a conveyance of an absolute title in fee simple undiminished by the quoted language. It was observed in that opinion, and pertinent here, that "There are no usual and proper technical words in this deed such as 'provided,' 'so as,' or 'on condition' in connection with a clause of forfeiture or re-entry. Forfeitures or conditions in grants are not favored in law, and * * * they must be clearly expressed. * * * At best, the intention of the grantors in this deed to make a condition that the lot should be used by the Howard College forever for school purposes only lies in mere inference and argument." 126 Ala. at page 129, 28 So. at page 8.

Though the language of the deed in that case and the instant one are not identical, the rationale of the opinion in the Howard College case strongly supports the conclusion here reached. In the course of the opinion (126 Ala. at page 134, 28 So. at page 10), in discussing a Vermont case (Robinson v. Missisquoi R. Co., 59 Vt. 426, 10 A. 522) which held that a deed to a strip of land across the grantor's property "For the use of a plank road" conveyed only an easement by reason of the quoted clause, despite the granting clause imported a conveyance of the full fee, our court critically disapproved such a holding and stated that that case and another of analogous holding stood alone in American jurisprudence and were "Certainly opposed to the great weight of authority, and upon principle cannot be sustained."

Among the authorities from other jurisdictions which may be cited as in accord with the construction that language of the character employed in the deeds in suit conveyed a fee simple title rather than granted an easement, are: Higgins v. Oklahoma City, 191 Okl. 16, 127 P.2d 845; Texas & Pacific Ry. Co. v. Martin, 123 Tex. 383, 71 S.W.2d 867, certiorari denied 293 U.S. 598, 55 S.Ct. 121, 79 L.Ed. 691; Carr v. Miller, 105 Neb. 623, 181 N.W. 557; Arkansas Improvement Co. v. Kansas City Southern Ry. Co., 189 La. 921, 181 So. 445; Johnson v. Valdosta, Moultrie & Western R. Co., 169 Ga. 559, 150 S.E. 845.

Though not direct authority on the point in question, among the cases which lean strongly toward our holding may be cited: Midstate Oil Co. v. Ocean Shore R. Co., 93 Cal.App. 704, 270 P. 216; Brightwell v. International-Great Northern R. Co., 121 Tex. 338, 49 S.W.2d 437, 84 A.L.R. 265; Battelle v. New York, New Haven & Hartford R. Co., 211 Mass. 442, 97 N.E. 1004; Stevens v. Galveston, H. & S. A.

Ry. Co., supra; United States Pipe Line Co. v. Delaware, L. & W. R. Co., 62 N.J.L. 254, 41 A. 759, 42 L.R.A. 572; Concklin v. N. Y. C. & H. R. Co., 149 App.Div. 739, 134 N.Y.S. 191, appeal dismissed 207 N.Y. 752, 101 N.E. 1099; Nashville, C. & St. L. Ry. v. Bell, 162 Tenn. 661, 39 S.W.2d 1026; Groce v. Southern Ry. Co., 164 S.C. 427, 162 S.E. 425.

The cases from our own jurisdiction relied on to support the theory that only an easement was granted are, in our opinion, distinguishable from the conveyances here under consideration. The particular language of the instruments before the court in the several cases vary. In the Alabama cases of Seaboard Air Line Ry. Co. v. Banks, supra, and Alabama Great Southern R. Co. v. McWhorter, 202 Ala. 455, 80 So. 839, and in the federal case (from Middle Alabama District) of East Alabama R. Co. v. Doe, 114 U.S. 340, 5 S.Ct. 869, 29 L.Ed. 136, the deeds under consideration, by express terms, conveyed only a right of way over or through the lands of the grantors which, without noting other qualifying factors in the several instruments, put them clearly within that class of cases holding them to convey only an easement.

The case of Alabama Corn Mills Co. v. Mobile Docks Co., 200 Ala. 126, 75 So. 574, had under consideration an instrument in which the description of the property was so indefinite as to be void as a conveyance of real estate and the court, pursuant to certain pertinent legal principles, in seeking to give effect to its proclaimed purpose, held it to grant an easement rather than invalidating it altogether.

The other cases cited by appellants as supporting their contention that an easement only was created are from other jurisdictions and are not necessarily authoritative. We will not give special treatment to these cases, but do note they have some distinguishing features from the one at bar.

We have reached the conclusion, after careful study, that the deeds conveyed to the railroad company the fee simple title to the lands embraced therein and that the trial court ruled correctly in sustaining the demurrer to the bill.

The decision announced renders discussion of the other question argued unnecessary.

The judgment is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.