SPOTO, I. C., Associate Judge.
The plaintiff filed the suit under the Declaratory Judgment Act, F.S.A. § 87.01 et seq., and requested the Court to define or determine such rights as he, the plaintiff, may have by virtue of two deeds attached to the complaint and made a part thereof by reference and designated as Exhibits A and B, the defendant Atlantic Coast Line Railroad Company being the successor in title to the original grantee. The tract or parcel of land referred to in Exhibit A is described as follows:
"Being a portion of NW-4 of SW-4, Section Eighteen (18), Township twenty-eight (28) south of Range twenty-four (24), east for right-of-way purposes, said right-of-way being through the town of Lakeland, Polk County, State of Florida. To wit: Entering said land at or near Station number Sixteen-Hundred and Thirty-six (Tampa Enumeration) on the west line and running through said lands a distance of Thirteen Hundred and Forty-Feet in length, and Fifty-feet on each side from center of track in width, leaving said land on each line at or near Station Number Sixteen Hundred and Fifty, plus Fifty (1650 X 50) Tampa enumeration, containing Three and Eight-Hundredths (3.08) acres more or less.
“Together with all and singular the tenements, hereditaments, and appurtenances hereunto belonging or appertaining ; and every right, title or interest, legal or equitable of the said parties of the first part of, in and to the same.
“To have and to hold the same unto the said parties of the second part, and their successors and assigns, to their own proper use, benefit, and be *536 half forever. And the said parties of the first part, for themselves and their successors, executors and administrator, do hereby covenant
The consideration as set forth in Exhibit B is as follows :
“That the said parties of the first part, for and in consideration of the sum of One Dollar and the permanent maintaining of a Passenger and Freight Depot within the limits of the right-of-way conveyed by the said Lakeland Improvement Company.”
The prayer of the complaint is that the Court determine that the defendant company is entitled to a right of way or easement for railroad purposes only through the said lands, the fee remaining in the plaintiff, and further declare that the railroad company shall permanently maintain a passenger and freight depot within the limits of the right of way conveyed in the said instruments and for such other relief as to the Court may seem meet and just. No damages are alleged in the complaint nor are any sought in the prayer. Upon motion of the defendant railroad company, the Court granted summary decree, holding in substance that the deed described as Exhibit A conveyed to the grantee therein the fee title to the property described, without limitation or reservation; that the descriptive words “for right-of-way purposes” indicated the purposes or motive of the grantor in making-such deed but did not make of the deed a grant of easement rather than fee title to the property, or create a limitation on the estate so conveyed; that the instrument or deed described as Exhibit B conveyed a fee simple title to the land therein described to the grantee without any limitation or condition; that the consideration therein mentioned, to-wit, “in consideration of the sum of One Dollar and the permanent maintaining of the passenger and freight depot within the limits of the right-of-way” did not in any way limit the estate therein conveyed or give to the grantor or the plaintiff any right of re-entry and did not constitute any agreement between the parties which might be specifically enforced or which would give rights to any cause of action for damages. Upon announcement by the Court that it intended to enter its ruling as above set forth, counsel for the plaintiff made an oral request that a non-suit be entered for the plaintiff, which was denied by the Court.
The points presented to this Court for consideration are three in number, to-wit:
(1) That the Court erred in holding that the words contained in Exhibit A for right of way purposes were of no legal effect and indicated only the motive of the grantor.
(2) That the Court erred in its interpretation of the construction of the instrument described as Exhibit B.
(3) That the Court was in error in denying the motion of the plaintiff for a voluntary dismissal or non-suit.
Appellant’s first point presents for consideration the question, Does the general warranty deed conveying fee simple title create less than the fee when it recites that the land is conveyed “for right-of-way purposes”, without more? Except for the words “for right-of-way purposes”, in all other respects Exhibit A is a general warranty deed conveying fee simple title. The rule as to the creation of a future estate is stated in 12 Florida Jurisprudence, Estates, Section 23, as follows:
“While it is a well-settled general rule that the mere expression that property is to be used for a particular purpose will not in and of itself suffice to turn a fee simple into a determinable fee, additional fact or phraseology may result in the creation of a determinable fee rather than a fee simple. No special or technical words are required to produce this result, although the qualification must be found in the instrument itself.”
In 4 Thompson, Real Property, Section 2063, it is stated that a conveyance *537 is not conditional when the purpose for the transfer is stated in the instrument of conveyance; words of forfeiture must be present. In Section 2041 it is stated that the words of condition should be part of “the habendum or come directly after it, controlling but not contradicting the generality of the words in the premises. The words must not only be such as of themselves import a condition, but they must be so connected with the grant in the deed as to qualify or restrain it”. Neither of the instruments involved fall within this rule. In Rowell v. Gulf, M. & O. R. Co., 1946, 248 Ala. 463, 28 So.2d 209, 211, the Court said
“It is also a primary rule of exposition that forfeitures and conditions in grants are not favored in law and, if effective, must be clearly expressed, and every estate in lands is to be taken as a fee simple, though words necessary to create such an estate are not used, unless it clearly appears that a less estate was intended. * * *
“It is also established that 'a fee will pass by a deed containing a clause or recital which is merely declaratory of the use contemplated of the land where the other parts of the deed operate as a conveyance of the fee.’ * * *
“And, in deeds granting ‘land’ rather than a ‘right,’ the fact that the instrument contains additional language embodying some reference to its contemplated use as a ‘right of way’ does not without further qualifying terms operate to limit the estate conveyed or cut it down from a title in fee to an easement. * * *
“The result of the foregoing principles is that a condition sufficient to work a forfeiture by abandonment will not be raised by implication from a mere declaration in the deed that the grant is made for a certain purpose without being coupled with apt words to clearly impose such a condition. * * *
“It is difficult to find such clearly ex- ■ pressed condition here.”
See also Frederic v. Merchants & Marine Bank, 1947, 200 Miss. 755, 28 So.2d 843 and Texas & P. Ry. Co. v. Vaughan, Tex.Civ.App.1934, 73 S.W.2d 632, 633. Forfeitures and conditions are not favored in the law and to be effective must be clearly expressed. In Dade County v. City of North Miami Beach, Fla.1953, 69 So.2d 780, 782, in discussing restrictions in deeds, the Court said:
“It is well settled that such restrictions are not favored in law if they have the effect of destroying an estate, that they will be construed strictly and will be most strongly construed against the grantor”.
A fee will pass by a deed containing a clause or recital which is merely declaratory of the use contemplated of the land.
The second point presented relates to the construction of Exhibit B by the lower court. This instrument is likewise a general warranty deed except for the consideration which is “one dollar and the permanent maintaining of a passenger and freight depot.” There is no provision in the deed for the termination of the estate or title of the grantee, nor is there any provision for a reverter. As a matter of fact, it is agreed that the passenger and freight depot is still being maintained by the defendant company. In Shreve v. Norfolk & W. Ry. Co., 1909, 109 Va. 706, 64 S.E. 972, 973, 23 L.R.A.,N.S., 771, the Court held that the provision in a deed of land to a railroad company that it is made “in consideration of the said [railroad company] agreeing to erect and maintain a depot on the land conveyed” is not a condition subsequent, entitling the grantor to recover the land in ejectment on a failure of the company to erect such depot, but is only a covenant or agreement.
The Courts have repeatedly held in cases involving deeds with similar provisions that the language in the deed created a *538 covenant and not a forfeiture or condition subsequent. See Carnegie Realty Co. v. Carolina, C. & O. Ry. Co., 1916, 136 Tenn. 300, 189 S.W. 371, 372; Farrar v. Nashville, C. & St. L. Ry., 1931, 162 Tenn. 313, 36 S.W.2d 95, 97; and Berkley v. Union Pacific R. Co., C.C.D.Colo.1888, 33 F. 794. The lower court in its order granting the summary decree determined that there was no provision giving the plaintiff or its successors any cause of action against any persons presently claiming title as successors in title to the grantee. To conclude, upon careful consideration of the allegations of the complaint, the relief sought thereunder, together with the record before the court on summary proceeding, we are convinced that the decree entered as applied to the record and the relief sought is free of error.
There was no error in the ruling of the trial court on the plaintiff’s motion for a voluntary dismissal or non-suit. See 30 F. S.A. Rules of Civil Procedure, Rule 1.35(a) (1) (i), and Welgoss v. End, Fla.App.1959, 112 So.2d 390.
Affirmed.
KANNER, Acting Chief Judge, and SHANNON, J., concur.