FRANKLIN B. BIGGS,
Plaintiff,

*vs.*

JOHANNA G. WOLFE, DISTON M. CARTER, JOHN A. LUCAS, EFFIE A. LUCAS, EDGAR S. CARROW, GILBERT CARROW, CHARLES STAPLEFORD, and ALICE M. STAPLEFORD,
Defendants.

*New Castle, March 9, 1962.*

*George T. Coulson* and *David C. Rittenhouse,* of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff.

*Samuel Handloff,* Wilmington, for defendants Johanna G. Wolfe and Diston M. Carter.

SHORT, Vice Chancellor: Plaintiff is the owner of a tract of farm land, known as "Monterey Farm," situate in Red Lion Hundred, New Castle County, Delaware, containing approximately 357 acres. The deeds in plaintiff's chain of title describe Monterey farm by courses and distances and following the description thereof each of said deeds contain the following:

> "TOGETHER also with a strip of land for the purpose of a road or lane to extend from said farm hereby conveyed across the farm of Margaret A. Osborne known as 'Idalia Manor' to the main state road, the same to be thirty feet in width ·and one hundred and sixty-one perches in length said strip to extend from the end of the third line in the above description of 'Monterey' along the Northerly line of 'Idalia Manor' in part

with the fourth line of the above description of 'Monterey' and with line of land late of James C. Howe, Deceased, and to terminate at the public road leading from St. Georges to Odessa."

Defendants own or reside upon lands adjacent to the strip of land (Cann Road) above described. Plaintiff brings this action seeking a decree of this court declaring that he is the owner in fee simple of the strip of land described, and for an injunction to restrain the defendants from using said strip of land without plaintiff's permission. He claims ownership of the strip of land by (1) the express provisions of the deeds under which he claims, or, in the alternative, (2) adverse possession. Defendants Wolfe and Carter neither admit nor deny plaintiff's ownership of the strip of land. They say that it is immaterial whether the grant to plaintiff is of a fee or merely a right-of-way. They defend on the ground (1) that Cann Road is a public road and (2) that they have acquired a prescriptive right to the use thereof.

I am satisfied that the language of the deeds under which plaintiff claims conveyed to the grantees therein named a fee simple title in the strip of land therein described and not merely a right-of-way, or easement. The great weight of authority holds that in the absence of an indication of a contrary intention, a conveyance of a strip, piece or parcel of land is to be construed as passing a title in fee simple, and that a statement of the contemplated use thereof is not indicative of such a contrary intention. *Rowell v. Gulf, M. & O. R. Co.*, 248 *Ala.* 463, 28 *So.2d* 209; *Vail v. Long Island R. Co.*, 106 *N.Y.* 283, 12 *N.E.* 607, 60 *Am.Rep.* 449; *Cooper v. Selig*, 48 *Cal. App.* 228, 191 *P.* 983; *Midland Valley R. Co. v. Arrow Indus. Mfg. Co.*, (*Okl.*) 297 *P.2d* 410; *Robb v. Atlantic Coast Line Ry. Co.*, (*Fla. App.*) 117 *So.2d* 534. Plaintiff is, therefore, entitled to an adjudication declaring him to be the owner in fee simple of Cann Road. Since he is the owner by virtue of the express language of his deed, it is unnecessary to consider plaintiff's contention that he is the owner by adverse possession.

Defendant contends that Cann Road is a public road. I do not believe that the evidence supports this contention. There is no claim by defendant that any owner of Monterey Farm ever expressly

dedicated Cann Road to the public use. In fact, defendant does not seem to make any such contention. In these circumstances defendant must rely upon a dedication by inference from user and acceptance thereof either by public authority or by public use. Defendant's testimony tends to show that on one occasion many years ago county employees were observed scraping the road, and on another occasion about thirty years ago county employees removed snow from the road. These isolated instances of public work upon the road are hardly sufficient to indicate an acceptance by public authority. Compare, *Carson v. Brady,* 329 *Mass.* 36, 106 *N.E.2d* 1. Especially is this true when there is no evidence that the persons so working on the road did so pursuant to instructions of their superiors. It may well be, as suggested by plaintiff, that the work was done as a personal favor to defendant Wolfe or her predecessors.

The testimony as to use by the public is not, in my opinion, of the type which the law requires in order to imply a dedication. Several witnesses testified that they made use of the road, without objection, many years ago. The nature and extent of their use is not at all clear. From their testimony I think it fair to say that the use made by them was incidental and infrequent. Other witnesses testified that they rented what is now the Wolfe property for farming purposes and crossed over the road from lands upon which they resided in order to reach the Wolfe land. They also, upon occasion, used the road to transport crops from that portion of the Wolfe lands adjacent thereto to the public road. They testified that though there were other ways of egress from the Wolfe lands to the public highway it was, at times, more convenient to remove crops by way of the road. There was also testimony that plaintiff's son, when a boy, rode his horse on the road and that hunters occasionally travelled thereon. Certainly these uses made of the road were not such as ordinarily appear in a case wherein a party seeks to establish a dedication from user. The purposes of use were limited and were of the kind which one would associate with the use of a private road by neighboring farmers. I find that Cann Road was not a public road as contended by defendant. In view of this finding I am not called upon to consider plaintiff's contention that Cann Road is not to be regarded as a public

road because it does not appear that it has been maintained at the public charge for twenty years or more, which plaintiff says is required by 17 *Del.C.* § 509.

Defendant also contends that she and her grantees have a prescriptive right to the use of Cann Road. While the evidence adduced by defendant is not sufficient to establish a dedication of the road for public use, nevertheless, I am of the opinion that it is sufficient to establish an easement in the defendant for the uses pursuant to which it was acquired. The testimony discloses that the road was used by defendant Wolfe and her father to reach the fields of their farm which were distant from the public road, and that their tenants used the same road to reach such fields and to remove crops therefrom. These uses were made without the permission of the owner of Monterey Farm and were of sufficient frequency to put the owner upon notice of the use and the claimed right thereto. While the use made was not as frequent or as indispensable as that involved in *Gallagher v. Williams,* 36 *Del.Ch.* 310, 129 *A.2d* 554, I regard that case as in point to the present.

But the fact that defendant Wolfe has acquired a prescriptive right in Cann Road does not mean that that right may now be exercised for any and all purposes. The use of a way acquired by prescription is limited to the user by which the right was created. 28 *C.J.S. Easements* § 89, p. 769. A prescriptive right acquired by a particular user does not justify a materially greater user which has not been enjoyed for the full prescriptive period. 17 *Am.Jur.* 725. In the present case, the fair import of the evidence relating to user by the defendant Wolfe, her predecessors in title and her tenants is that the use made by these persons of Cann Road was for agricultural purposes. Defendant Wolfe and her predecessors appear to have used the road only as a means to go from the fore part of the Wolfe property to the back fields thereof and not as a means of ingress from and egress to the public road. So far as the tenants of the farm are concerned, it is quite clear that the only use which they made of the road was to cross it in order to get to portions of the Wolfe land which they had under cultivation and to remove crops therefrom. The testimony discloses that defendant Wolfe has recently subdivided a

portion of her lands and sold lots for building purposes. Defendant Carter is a purchaser of one of these lots and is now using the road as a means of ingress and egress to and from his property, that is, as a driveway. Plaintiff says that even though a right of user has been acquired by defendant Wolfe, nevertheless, the use now being made of the road by said defendant and the grantees of her building lots is a use not permitted by her easement. While there seems to be a tendency on the part of courts to allow a reasonable variation between uses made under a prescriptive easement and the adverse use by which it was created, it has been quite uniformly held that where the attempted use is not reasonably related to the user under which the right was acquired such attempted enlargement of use will not be permitted. See *Restatement of the Law, Property*, §§ 477, 478. This is particularly so where an increased burden is placed upon the servient estate. Id. Thus, in *Hawley v. McCabe,* 117 *Conn.* 558. 169 *A.* 192 the court held that a right-of-way acquired by the plaintiff over defendant's land was based solely upon the use thereof during the prescriptive period for the limited purpose of hauling wood and that the right acquired was limited to that use.

In *American Bank-Note Co. v. New York El. R. Co.,* 129 *N.Y.* 252, 29 *N.E.* 302, the Court of Appeals of New York said "In all cases of rights by prescription the right acquired is measured by the extent of the use, and that in turn by the purpose of the user; and where essentially different purposes govern separate and successive users it is rarely, if ever, possible to deem the latter identical in any respect or degree. A right of way for one purpose gained by user cannot be turned into a right of way for another purpose if the latter adds materially to the burden of the servient estate; and the right derived from user can never outrun or exceed the user in which it had its origin."

In *Jackson v. Stacey, Holt's N.P.C.* 455, 171 *Reprint* 304, the court said "The defendant puts his case upon this point; that, from the right of using the road for agricultural purposes, may be inferred the right of using it for all purposes * * * This is not the law. A right of road may be qualified and limited; and the defendant does not

make out his case by shewing that he was never obstructed in using the road for purposes of agriculture."

In *Baldwin v. Boston & M. R.R.*, 181 *Mass.* 166, 63 *N.E.* 428 the court held that where a prescriptive easement of a right-of-way over a footpath is acquired by travel of the members of one family residing on the dominant estate, the use by occupants of houses thereafter erected on such estate, where shown not to increase the burden on the servient estate, was a proper use under the easement, the change in use being in degree only. The court reviewed a number of authorities and then said "There is a class of cases, however, to which the above are analogous, and with which they are more or less intertwined, in which there is a change in the use of the dominant estate, as where a way has been used to carry off wood from wild land which is afterwards cultivated and built upon, or a way has been used for agricultural purposes to a farm which is afterwards turned into sites for manufacturing purposes, or mined for its ores, or divided into house lots. Here the change is radical, and the right of way cannot be used for the new purposes required by the altered condition of the property * * * [I]n all these cases there has been a substantial change in the nature of the use, and a consequent increase of burden upon the servient estate."

In the recent opinion of this court in *E. J. Hollingsworth Company v. Jardel Co., Inc., New Castle County,* March 2, 1962, 178 *A.2d* 307, Chancellor Seitz held that a natural drainage easement acquired by defendant across plaintiff's lands could not be enlarged to include a right to artificially collect and cast surface water on plaintiff's land to his substantial damage.

■ The testimony here discloses that plaintiff and his predecessors in title have maintained Cann Road and kept it in repair for many years. Because of the limited use which has been made of the road the expense of maintenance has been held within reasonable bounds. But if defendants are permitted to continue daily use of the road and such a right is extended to future grantees of defendant Wolfe, the cost of maintenance will increase substantially and add . materially to the burden of the servient estate. Since defendants

Wolfe and Carter are now using Cann Road, or permitting it to be used as a driveway to lots carved out of the Wolfe property, a use which is foreign to that under which the right-of-way by prescription was acquired, plaintiff is entitled to an injunction against those defendants enjoining them from the use of Cann Road for that purpose. The remaining defendants, namely, John A. Lucas, Effie A. Lucas, Edgar S. Carrow, Gilbert Carrow, Charles Stapleford and Alice M. Stapleford, though served with summons, have neither appeared by counsel nor filed any answers in this case. They offered no defense at trial. Therefore, plaintiff is entitled to an injunction as against these defendants enjoining them from the use of Cann Road.

Order on notice.