129 A.2d 554 (1957)
Patrick J. GALLAGHER, Mary T. Gallagher, Cleora Shamhart, Ernest H. Johnson, and Orpha D. Johnson, Plaintiffs,
v.
Sarah WILLIAMS, Defendant.
Court of Chancery of Delaware, New Castle.
February 26, 1957.
Courtney H. Cummings, Jr. (of Killoran & VanBrunt), Wilmington, for plaintiffs.
C. W. Berl, Jr. (of Berl, Potter & Anderson), Wilmington, for defendant.
SEITZ, Chancellor.
Plaintiffs are owners of properties in Delaware City. Their properties abut on a "private" alley which the defendant has attempted to close on the ground that it is her property and plaintiffs are not entitled to use it.
Plaintiffs seek a permanent injunction declaring that they possess a reasonable-use easement in the alley and enjoining defendant from obstructing such use. Since defendant admittedly owns the fee to the alley, plaintiffs base their claim to an easement on either implication or prescription. Defendant denies that plaintiffs have sustained their right to relief under either theory. This is the decision after final hearing.
Plaintiffs first contend that they have established that the common grantor created an easement in the alley when he divided the tract of land of which plaintiffs' properties were a part. Plaintiffs concede that in order to establish their case under this theory they must prove that an alley existed at the time the land was originally sub-divided. I am satisfied that plaintiffs wholly failed to prove the existence of the alley at the crucial date.
I therefore conclude that plaintiffs have no easement by implication in the alley.
Plaintiffs next contend that easements in favor of the plaintiffs were created in the alley by prescription.
Defendant argues that the use of the alley by plaintiffs and their predecessors was not adverse because they admittedly used it in common with the owner of the fee and thus their use cannot be adverse, citing Howard v. Wright, 38 Nev. 25, 143 P. 1184; Horne v. Hopper, 72 Colo. 434, 211 P. 665; Anthony v. Kennard Bldg. Co., 188 Mo. 704, 87 S.W. 921; see 170 A.L.R. *555 at page 825. The cited cases appear to support the position that either no adverse right can exist or there can be no presumption where the use is in common with the owner.
Plaintiffs rely upon the decision of the then Vice Chancellor in Marta v. Trincia, 26 Del.Ch. 94, 22 A.2d 519, 521. It was there stated that since the use was open and visible to the owner and since there was no proof that the user was permissive, "the adverse character of the user may be presumed". The Court apparently felt either that the use of the alley by the owner was so infrequent that it did not render the presumption rule inapplicable or else concluded that an owner's use does not destroy the presumption.
Defendant says the Marta case is not in point, relying upon the cases cited above. I am unable to agree with the cases holding that there can be no right by prescription where the owner also uses the land. I say this because I do not believe such evidence should be conclusive. And I need not decide what was intended by the Court in the Marta opinion because I am satisfied that even without the presumption the uncontradicted evidence adduced by plaintiffs warrants the inference that the use was under a claim of right.
The evidence is not in dispute. It shows that the plaintiffs and their predecessors in title or tenants used the alley as now constituted for more than fifty years before the defendant blocked it. Permission to use the alley was never requested or given. Those using it assumed that they had such a right. The use of plaintiffs and their predecessors was continuous, open, uninterrupted and with the knowledge of defendant and her predecessors. It consisted of having coal and oil delivered through the alley to their backyards; removing garbage, trash and other matter through the back; and using it as a general convenience. Indeed, the evidence showed that the plaintiffs could not get from their back lots to the street except through their houses or through the exits maintained on the alley. This important and almost indispensable use of the alley must have been known to defendant and her predecessors. These conditions have existed and these activities have continued for more than the prescriptive period.
Plaintiffs' evidence therefore supports an inference that the user was adverse. This is not like cases of accommodation or courtesy use, and the like.
Does defendant's evidence overcome the inference arising from plaintiffs' evidence? Defendant's evidence showed that for many years before she purchased the property she was aware that plaintiffs and their predecessors were using the alley as indicated. Her only evidence in support of her contention that the user was permissive was the fact that she as well as prior owners of the fee also used the alley. Under the circumstances this is not sufficient to meet the case made by plaintiffs.
Plaintiffs have proved that they are entitled to an easement by prescription in the alley. An order declaring their rights and granting appropriate injunctive relief will be entered.
Present order on notice.