materially aided his defense, the refusal to give him that time, particularly in view of the first consideration mentioned, was to force him to trial without an adequate opportunity to prepare a defense.

Under these circumstances, we are of the opinion that the denial of the requested continuance was an abuse of discretion sufficient to require that a new trial be ordered.

Since, however, the facts and circumstances we have related do not appear in the record upon which the appeal has been taken, but appear in affidavits which are not properly a part of the record before us, we will remand the cause with authority and instructions to ascertain the facts. If the facts then ascertained are found to be as we have related them, the remand will further instruct that the conviction of Merritt be set aside and a new trial granted.

In thus disposing of this case, we do not intend to imply approval of attempts to supplement the record before us by affidavits. On the contrary, we expressly disapprove such practice as being contrary to the established procedures of this Court.

---

Raymond L. Becker and James F. Kipp, Wilmington, for plaintiffs.

Edward J. Wilson, Wilmington, for defendants.

SEITZ, Chancellor:

Plaintiffs, husband and wife, live and own the property at 2611 Linkwood Avenue, Roselle. The defendants, husband and wife, own the property at 2609 Linkwood Avenue. Plaintiffs seek a permanent injunction preventing defendants from interfering with plaintiffs' use of an 8 foot driveway which has as its center line their common property line.

**Frederick B. WEST and Kay E. West, Plaintiffs,**

v.

**William HARSANYI and Mary J. Harsanyi, Defendants.**

Court of Chancery of Delaware.

New Castle.

April 15, 1966.

About 1940, the then respective owners of these two properties erected dwellings on their lots. At the same time they caused the 8 foot driveway in question to be built from Linkwood Avenue. The two parties shared the costs of maintenance. In 1945, or before, the driveway was permanently improved with macadam at the joint expense of the then owners. Plaintiffs' predecessor built a garage on the rear of his property during the same period. It was served by the driveway.

In 1953 defendants purchased their property and thereafter contributed, along with plaintiffs' predecessor in title, to the expense of maintaining the drive. The driveway served both properties continuously, although no garage was ever erected on defendants' property.

Plaintiffs purchased their property in October 1964. In the latter part of 1965 the garage on plaintiff's property burned. Shortly thereafter defendants notified plaintiffs that plaintiffs had no right to use the portion of the driveway on defendants' land and that they intended to place a fence down the center of the driveway. Plaintiffs filed this action on October 20, 1965 and obtained an order restraining defendants from interfering with the use of the driveway. Thereafter this matter came on for final hearing and this is the decision thereon.

Plaintiffs claim, inter alia, an easement by prescription in the portion of the driveway owned by defendants. Defendants say there was no prescriptive easement because the use of defendants' land by plaintiffs and their predecessor in title was permissive. Defendants also say that since the garage has burned there is no longer any need for an easement and, furthermore, it should be considered to have been abandoned, if it did exist.

I first consider whether plaintiffs obtained an easement by prescription in so much of the driveway as is owned by defendants.

There is no doubt that plaintiffs and their predecessor in title used the full driveway openly for more than twenty consecutive years before the date when defendants challenged their right to do so. So far as appears, defendants' predecessors raised no issue on this score. Defendants say that the use was by permission and under the law a permissive use presumably continues as such and thus, without more, cannot be converted into a prescriptive use. There is no issue here as to the soundness of the legal principle relied upon by defendants. The question is whether it is applicable under the present facts.

The driveway was laid out as above described and was openly used for the required period. When defendants rented and later purchased their property the driveway and its use were evident. The only reasonable inference to be drawn from the facts is that the various owners in the chains of title to both properties openly conducted themselves for the prescriptive period as though they had the right to use the driveway. The nature of the original arrangement when combined with subsequent events does not justify a finding that the use by plaintiffs and their predecessor was "permissive" within the meaning of that term in this field. Rather, I believe plaintiffs and their predecessor, as the record indicates, believed they had the right and this was evident throughout. In this situation the majority of courts elsewhere have concluded that such owners may obtain cross-easements by prescription. See 98 A.L.R. 1098; 27 A.L.R.2d 334. The fact that both used the driveway does not, itself, negative the inference that the use by plaintiffs and their predecessor was under a claim of right. Compare Gallagher v. Williams, 36 Del.Ch. 310, 129 A.2d 554.

I conclude that under the present facts that plaintiffs obtained an easement by prescription in the portion of the driveway owned by defendants. Since plaintiffs' rights ripened before the garage was burned and since the only reason for the delay in

rebuilding is the existence of this lawsuit, I see no basis for defendants' contention that the easement was abandoned. Plaintiffs do not rely on the doctrine of easement by necessity and so I need not consider other possible means of vehicular access to plaintiffs' property. Indeed, such a factor is not pertinent where the issue is one of prescriptive right. Nor in this case is it necessary to consider any problem of restrictive covenants.

An appropriate order may be presented which recognizes plaintiffs' rights and permanently enjoins interference therewith. I suggest that the order provide that a copy thereof be delivered by the Register in Chancery to the Recorder of Deeds for indexing in the respective chains of title.