655 So.2d 1210 (1995)
Louise G. JEWETT, Appellant,
v.
Cliff LEISINGER and Jo Ellen Leisinger, Appellees,
Nos. 94-1010, 94-1553.
District Court of Appeal of Florida, Fourth District.
May 24, 1995.
*1211 Kenneth A. Marra of Nason, Gildan, Yeager, Gerson & White, P.A., West Palm Beach, for appellant.
John M. Jorgensen of Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, for appellees.
GUNTHER, Judge.
Appellant, Louise G. Jewett, plaintiff below (Jewett), appeals a summary judgment entered in favor of the appellees, the Leisingers, and appeals an order awarding the Leisingers attorney's fees. Because genuine issues of material fact exist regarding abandonment, we reverse.
Jewett is the owner of a single family home located in the Miramar subdivision in West Palm Beach. The Leisingers live in a single family home on a parcel of real property just north of Jewett's property. In between the two parcels runs a shell rock road running east and west approximately fourteen feet wide. The owners of six of the eight lots located on Jewett's block executed easement deeds in favor of the City of West Palm Beach for the northernmost fourteen feet of their property. Included among these were Jewett's predecessors in interest, the Widemans. The easement deed executed by the Widemans provided, in pertinent part:
WHEREAS, the said party of the second part [the City] desires to construct a road, street or public highway, together with curbs, gutters and sidewalks, across and upon the property ...
NOW THEREFORE, the said parties of the first part [the Widemans] ... have granted, bargained, sold and conveyed and do hereby grant, bargain, sell and convey unto the said party of the second part, and its successors, the perpetual right and easement to enter upon, excavate, construct, build and maintain roads, streets or public highways, together with curbs, gutters, and sidewalks upon and across the above described tract or parcel of land, ... and the further perpetual right and easement to enter upon, occupy and use said tract or parcel of land, or any portion or portions thereof, for public street or sidewalk purposes.
Thereafter, the easement deed was properly recorded in the public records on July 19, 1956.
In 1964, Jewett purchased said property, and as such, did so with constructive notice of the recorded easement. Notwithstanding the stated purpose of the deed, no public road was ever constructed by the City of West Palm Beach across the fourteen foot strip of property. Further, in a letter, a director of engineering for the City informed Jewett's neighbor that public improvements on the property were prevented by the two lot owners who refused to grant the City an easement in 1955. Moreover, a City engineer was uncertain whether the land in question could accommodate curbs, gutters and sidewalks.
For many years after the execution of the easement deed, the Leisingers, as well as *1212 their predecessors in interest, used both the shell rock road as one access route and an additional road as another access route to their property. However, in 1992, the Leisingers applied for a building permit with the City in connection with plans to renovate their house. Pursuant to the plans, the Leisingers intended to close the additional driveway and use the easement covering the shell rock road as their sole means of ingress and egress. The City ultimately granted the Leisingers a remodeling permit.
Subsequently, Jewett instituted suit against the Leisingers and the City of West Palm Beach seeking a declaration that the easement was invalid. Both the Leisingers and the City raised the abandonment issue in their respective answers. The trial court eventually granted the Leisingers' motion for summary judgment specifically finding that the City had not abandoned its rights under the easement deed, and, as a matter of law, still enjoyed the easement. After entry of final summary judgment, the Leisingers moved for an award of attorney's fees pursuant to section 57.105, Florida Statutes (1993). The trial court ultimately granted the Leisingers' motion for attorney's fees and awarded the agreed upon sum of $7,455.50.
Summary judgments are governed by rule 1.510(c) of the Florida Rules of Civil Procedure. This rule requires the party moving for summary judgment to conclusively show an absence of any genuine issue of material fact and obligates the trial court to draw every reasonable inference in favor of the non-moving party. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Lenhal Realty, Inc. v. Transamerica Commercial Fin. Corp., 615 So.2d 207 (Fla. 4th DCA 1993). If the evidence raises any issues of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact. Moore, 475 So.2d at 668.
In order for the abandonment of an express easement to take place, all of the elements of equitable estoppel must be proven. Wiggins v. Lykes Bros. Inc., 97 So.2d 273 (Fla. 1957). The essential elements of the doctrine of estoppel are: (1) a representation by the party estopped to the party claiming the estoppel as to some material fact, which representation is contrary to the conditions of affairs later asserted by the estopped party; (2) a reliance upon the representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon. Florida Dep't of Transp. v. Dardashti Properties, 605 So.2d 120, 123 (Fla. 4th DCA 1992), rev. denied, 617 So.2d 318 (Fla. 1993). Moreover, in order to show abandonment of an easement, the servient owner must show conduct by the dominant owner which outwardly manifests an intent to no longer use the easement or conduct inconsistent with the continuance of the easement. Enos v. Casey Mountain Inc., 532 So.2d 703 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 988 (Fla. 1989). However, while nonuse may sometimes destroy an easement by prescription, mere nonuse will not destroy an easement by grant. Wiggins v. Lykes Bros. Inc., 97 So.2d 273 (Fla. 1957).
Although in Florida the construction or interpretation of easements is a matter of law, Hillsborough County v. Kortum, 585 So.2d 1029 (Fla. 2d DCA 1991), rev. denied, 598 So.2d 76 (Fla. 1992), the abandonment issue is necessarily a question of intent. Leibowitz v. City of Miami Beach, 592 So.2d 1213 (Fla. 3d DCA), rev. denied, 601 So.2d 552 (Fla. 1992). It follows that abandonment, being a question of intent, is a question normally left for the trier of fact to determine. Cases from other jurisdictions have reached the same conclusion. See Dalton v. Johnson, 320 S.W.2d 569 (Mo. 1959); Peck v. Baltimore County, 286 Md. 368, 410 A.2d 7 (1979); Woodmen of the World, Camp No. 1772 v. Goodman, 193 S.W.2d 739 (Tex. Ct. App. 1945); City of Glendora v. Faus, 148 Cal. App.2d 920, 307 P.2d 976 (1957); City of Stockton v. Miles and Sons, Inc., 165 F. Supp. 554 (N.D.Cal. 1958). In Peck, while discussing the abandonment issue, the Maryland court, relying on precedent, stated:
... and while a mere declaration of an intention to abandon will not alone be sufficient, the question, whether the act of the party entitled to the easement amounts to an abandonment or not, depends upon the *1213 intention with which it was done, and that is a subject for the consideration of the jury. [citations omitted] ... Abandonment is a question of fact not of law. The question of whether there has been an abandonment of an easement is usually one of fact for the trial court or jury. [citations omitted]
Peck, 410 A.2d at 9.
In the instant case, the abandonment issue should have been determined by the trier of fact rather than the trial court on summary judgment. It is clear from the face of the easement that Jewett's predecessor in title executed the deed contemplating that the City would construct a public road thereon. However, the City never constructed the road and cannot construct the road because it never obtained the remaining necessary easements. Finally, Jewett presented evidence that the public thoroughfare would probably never be constructed because the land could not accommodate curbs, gutters and sidewalks. Therefore, the evidence before the trial court presented genuine factual issues to be resolved by the fact finder as to whether the City had abandoned the easement in question. Accordingly, the trial court erred in granting summary judgment in favor of the Leisingers.
Because the trial court's summary judgment order is reversed, the order awarding the Leisingers' attorney's fees pursuant to section 57.105, Florida Statutes (1993), must necessarily be reversed as well. E.g., Fieldstone v. Chung, 416 So.2d 11 (Fla. 3d DCA 1982). Therefore, the final summary judgment and the order awarding attorney's fees are both reversed and the matter returned to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
FARMER and KLEIN, JJ., concur.