NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DEPARTMENT OF TRANSPORTATION,  )
  )
      Appellant,  )
  )
v.  )    Case No. 2D14-305
  )
MID-PENINSULA REALTY INVESTMENT  )
GROUP, LLC, a Florida limited liability  )
company,  )
  )
      Appellee.  )
_____)

Opinion filed July 29, 2015.

Appeal from the Circuit Court for Pasco
County; Stanley R. Mills, Judge.

Marc Peoples, Assistant General Counsel,
Department of Transportation, Tallahassee,
for Appellant.

Landis V. Curry III and Patrick M. Causey
of Hill, Ward & Henderson, P.A., Tampa,
for Appellee.


ON REMAND FROM THE SUPREME COURT OF FLORIDA


MORRIS, Judge.

The Department of Transportation (DOT) appeals a final judgment

quieting title to property in favor of Mid-Peninsula Realty Investment Group, LLC.

Although DOT obtained the property in question through an eminent domain proceeding in 1971, the property was conveyed in 1974 to private owners through a "wild deed."[1] Mid-Peninsula eventually obtained title and thereafter brought a declaratory judgment and quiet title action pursuant to the Marketable Record Title to Real Property Act (MRTA), ultimately succeeding below. We agree with the trial court that the exception to MRTA set forth in section 712.03(3), Florida Statutes (2003), does not apply to this case. However, we reverse because the trial court erred in finding that the exception set forth in section 712.03(5) does not apply to rights-of-way held in fee, as explained in the Florida Supreme Court's recent decision in Florida Department of Transportation v. Clipper Bay Investments, 160 So. 3d 858 (Fla. 2015).

## I.  BACKGROUND

In 1970, DOT brought its eminent domain proceeding in relation to fourteen parcels located in Pasco County; the trial court entered an order of taking in 1971. These parcels, known as the Bear Creek Watershed, were used to construct a drainage canal.[2] The canal is located just north of State Road 52 and to the west of U.S. Highway 19. The canal crosses under U.S. 19. Of the original fourteen parcels

---

[1]A "wild deed" has been defined as "a purported instrument of conveyance executed by the named grantor knowing that he or she has no title of any kind to the property described therein." Frazier v. Goszczynski, 161 So. 3d 542 (Fla. 5th DCA 2014); see also Lehmann v. Cocoanut Bayou Ass'n, 157 So. 3d 289, 293 (Fla. 2d DCA 2014) (referring to a "wild deed" as a deed that " 'is not part of the chain of title emanating from the sovereign' " (quoting City of Miami v. St. Joe Paper Co., 364 So. 2d 439, 446-47 (Fla. 1978))).

[2]The Bear Creek Watershed ameliorates flooding to U.S. Highway 19 and other properties by permitting water to drain into the canal that then empties into the Gulf of Mexico.

taken by DOT in 1971, parcel 338 is the subject of this dispute. Parcel 338 was acquired during the eminent domain proceedings pursuant to a stipulation entered into by DOT and the then private owners. The trial court's order vested DOT with "full and complete ownership" of the parcel, and the order was recorded in the Pasco County public records at O.R. Book 560, pages 129-131.

However, in 1974, despite the stipulation and the trial court's order, the former owners of parcel 338 purported to convey the parcel as part of a larger tract to new private owners. Thereafter, the tract was conveyed through a series of transfers, always including parcel 338. Ultimately, Mid-Peninsula obtained title to the property in 2008. It is undisputed that the 1974 conveyance was a "wild deed" and that it qualified as a root of title for purposes of MRTA.[3]

During the pendency of Mid-Peninsula's action below, DOT moved for partial summary judgment arguing that the exception to root title status as set forth in section 712.03(5) applied. That exception provides in relevant part:

> Such marketable record title shall not affect or extinguish the following rights:
>
> . . . .
>
> (5) Recorded or unrecorded easements or rights, interest or servitude in the nature of easements, rights-of-way and terminal facilities, including those of a public utility or governmental agency, so long as the same are used and the use of any part thereof shall except from operation hereof the right to the entire use thereof.

---

[3]Section 712.02 provides in relevant part that "[a]ny person having the legal capacity to own land in this state, who, alone or together with her or his predecessors in title, has been vested with any estate in land of record for [thirty] years or more, shall have a marketable record title to such estate in said land, which shall be free and clear of all claims except the matters set forth as exceptions to marketability in s. 712.03."

Mid-Peninsula filed a cross-motion for partial summary judgment arguing that the subsection (5) exception did not apply to a right-of-way held in fee simple.  The trial court agreed with Mid-Peninsula and entered summary judgment in its favor, relying on Florida Department of Transportation v. Dardashti Properties, 605 So. 2d 120 (Fla. 4th DCA 1992).  In doing so, the trial court rejected DOT's argument that Clipper Bay Investments, LLC v. State, Department of Transportation, 117 So. 3d 7 (Fla. 1st DCA 2013), should control the issue.[4]

The case then proceeded to trial on DOT's alternative argument that section 712.03(3) prohibits marketable record title from extinguishing the "[r]ights of any person in possession of the lands, so long as such person is in such possession."  The evidence presented at trial established that parcel 338 actually lies near the top of the bank of the canal and that DOT maintenance workers traverse in vehicles over parcel 338 in order to access the canal for purposes of maintaining both the canal and a nearby bridge.  The evidence also reflected that DOT asked a company that had been storing sheds and recreational vehicles on the property to move the sheds and vehicles as the parcel belonged to DOT and DOT workers needed access to the canal.  The trial court found that the evidence presented did not establish that DOT possessed parcel 338 as contemplated by the statute.  Although the court noted that the statute did not define possession, the court determined that it meant "visible power, control[,] or

---

[4]The First District in Clipper Bay rejected the position taken by the Fourth District in Dardashti Properties, 117 So. 3d at 7.

occupancy." The trial court ultimately entered its order quieting title in the parcel to Mid-Peninsula.

## II. ANALYSIS

We review the trial court's construction of the statute de novo. See Clipper Bay, 160 So. 3d at 862.

### a. The exception to MRTA set forth in section 712.03(5) is applicable to rights-of-way held in fee, but the trial court must determine whether it applies to this case.

MRTA was created in order to simplify property transfers, clear titles, and establish certainty of ownership. See H & F Land v. Panama City-Bay Co. Airport & Indus. Dist., 736 So. 2d 1167, 1171 (Fla. 1999), receded from on different grounds by Blanton v. City of Pinellas Park, 887 So. 2d 1224 (Fla. 2004). To effectuate that purpose, section 712.02 permits the clearing of title to any property where the title has been recorded for at least thirty years and for which no statutory exception applies. The thirty-year period for establishing root of title in this case expired on February 5, 2004.

However, the exception set forth in section 712.03(5) for "[r]ecorded or unrecorded easements or rights, interest or servitude in the nature of easements, [and] rights-of-way" applies here. At the time of the trial court's denial of DOT's motion for partial summary judgment, there was a split of opinions between the First and Fourth District Courts of Appeal as to whether the subsection (5) exception extended to rights-of-way owned in fee. In Clipper Bay, the First District held that the exception would apply, 117 So. 3d at 15, but in Dardashti Properties, the Fourth District held to the contrary finding that the exception did not apply to rights-of-way held in fee, 605 So. 2d at 122-23.

Subsequent to the denial of motion for partial summary judgment, the Florida Supreme Court accepted review of the Clipper Bay case. In its opinion, the court noted that the parties agreed that "the exceptions provided in section 712.03 may apply to rights-of-way held in fee." 160 So. 3d at 860. On that basis, the court affirmed the First District's holding on that point while disapproving the Fourth District's decision in Dardashti. Id. at 864-65. The court went on to explain why the First District's interpretation was correct, noting that "[a]t the time of MRTA's enactment, 'right-of-way' was not defined in the Act [though] it was defined in the transportation code." Id. at 865. The court then referred to the definition of "right-of-way" as set forth in section 334.02(22), Florida Statutes (1963), noting that it included land owned in fee by the state or the department. Id. The court concluded that "[t]he First District . . . correctly determined that '[t]he focus . . . is the reason or purpose that the state holds the land in question rather than the manner in which the title is actually held.' " Id. (quoting Clipper Bay, 117 So. 3d at 14).

In analyzing whether the subsection (5) exception applied to the land in that case, the court noted that by its terms, the exception applies so long as an easement, right, interest, or servitude in the nature of an easement, right-of-way, or terminal facility is used; the use of any part thereof excepts the entire parcel of land from MRTA. Id. at 867. Because DOT used part of its fee estate in that case to maintain a right-of-way to access interstate 10 and because DOT had also leased a portion of its estate to Santa Rosa County, the court held that "DOT's use of part of its estate is sufficient to apply the exception." Id.

In this case, there is no dispute that DOT has a right-of-way over parcel 338. Pursuant to the Florida Supreme Court's Clipper Bay opinion, it matters not that the right-of-way is held in fee simple. However, the next question is whether DOT *used* even a portion of the right-of-way for purposes of invoking the subsection (5) exception. Mid-Peninsula contends that below, DOT declined to present evidence on the issue of its use of the property for purposes of applying the subsection (5) exception due to the trial court's determination that the exception did not apply to rights-of-way held in fee. And DOT has conceded that if the Florida Supreme Court determined in Clipper Bay that proof of use was required, remand would be the appropriate remedy. It is clear from the opinion that such proof is required. See Clipper Bay, 160 So. 3d at 867. Consequently, because the trial court erred in finding that the subsection (5) exception did not apply, the final judgment quieting title to the parcel in favor of Mid-Peninsula cannot stand. We therefore reverse and remand.

Although we are reversing the final judgment for the trial court to make a determination as to whether DOT *used* the property in question for purposes of applying the subsection (5) exception, we acknowledge that the trial court made a separate finding that the exception set forth in section 712.03(3) was also inapplicable. Because the trial court could conclude on remand that the subsection (5) exception is still inapplicable, we must address the trial court's finding regarding the subsection (3) exception.

**b. DOT failed to establish possession for purposes of section 712.03(3).**

Section 712.03(3) prohibits the extinguishment of "[r]ights of any person in possession of the lands, so long as such person is in such possession." We agree with

the trial court that because possession is not defined within MRTA, that term must be given its plain and ordinary meaning and that the best way to accomplish that was to resort to a dictionary definition.  See Metro. Cas. Ins. Co. v. Tepper, 2 So. 3d 209, 214 (Fla. 2009).  The trial court relied on several dictionaries to define possession as "visible power or control over something, as distinct from lawful ownership; holding or occupancy; control or occupancy."[5]

DOT asserts that its periodic use or minimal maintenance established possession.  But there was no conclusive evidence presented at trial relating to DOT's occupancy or control of the parcel during the relevant thirty-year MRTA period (February 1974 to February 2004).  Instead, the evidence reflected that the DOT employee who testified about DOT's need to traverse across parcel 338 to reach the canal had no personal knowledge that anyone had actually accessed parcel 338 during that period.  And although another DOT employee initially testified it would not be possible to access the canal without accessing parcel 338, she later testified it was "difficult to tell" whether the canal could be reached via another parcel.[6]

The trial court concluded that the evidence presented by DOT that its employees periodically traversed parcel 338 to access the canal was not sufficient to

---

[5]See Black's Law Dictionary 1351 (10th ed. 2014) (defining possession as "having or holding property in one's power" as well as "[t]he right under which one may exercise control over something to the exclusion of all others"; also defining actual possession as "[p]hysical occupancy or control over property"); Webster's Third New International Dictionary 1770 (Philip Babcock Gove, ed., 1986) (defining possession to include "actual physical control or occupancy of property by one who holds for himself").

[6]This employee testified that she had personal knowledge that DOT had traversed across parcel 338, but she acknowledged she could not provide specific dates.

meet the definition of possession. We agree with that determination. We also agree with the trial court that DOT's actions in asking a company to move sheds and vehicles from parcel 338 did not meet the definition.

DOT also asserts that its fee simple ownership is the equivalent of possession. However, "the polestar of statutory construction [is the] plain meaning of the statute at issue." Acosta v. Richter, 671 So. 2d 149, 153 (Fla. 1996). And section 712.03(3) does not reference constructive possession. If the legislature intended for the exception to apply to something other than visible occupancy possession, it would have said so. DOT's reliance on Richbourg v. Rose, 44 So. 69 (Fla. 1907), for the proposition that an owner in fee simple has constructive possession of the property does not require a different result. That case was decided many years before MRTA was enacted, and yet the legislature has not amended section 712.03(3) to include constructive possession.

Accordingly, we agree with the trial court that the exception set forth in section 712.03(3) does not apply to this case.

### III. CONCLUSION

We hold that the trial court erred by concluding that the subsection (5) exception was not applicable to DOT's right-of-way held in fee, and we therefore reverse.

Reversed, and remanded for proceedings in conformance with this opinion.


ALTENBERND and LaROSE, JJ., Concur.

- 9 -