# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

No. 1D18-1297

———————————————————

EDDIE DORSEY, a/k/a Eddie
Dorsey, Jr., AUDREY DORSEY,
CYNTHIA RIGGINS, JOHNNIE MAE
DORSEY, JAMES DORSEY, LILLIE
DORSEY a/k/a Lillie Ruth Dorsey,
JOCELYN HIGHTOWER, LORENZO
MCCRAY, and DOLORS MCCRAY,

     Appellants,

     v.

FRANKLIN ROBINSON, JOSEPHINE
ROBINSON, and MARY
THOMPSON,

     Appellees.

———————————————————

On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

April 5, 2019

PER CURIAM.

    Eddie Dorsey, Audrey Dorsey, Cynthia Riggins, Johnnie Mae
Dorsey, James Dorsey, Lillie Dorsey, Jocelyn Hightower, Lorenzo
McCray, and Dolors McCray (Appellants) appeal a final judgment
quieting title to property in favor of Franklin Robinson, Josephine
Robinson, and Mary Thompson (Appellees). Appellants raise four

issues on appeal, only the first of which merits discussion. Appellants argue that the trial court erred by extinguishing the fee simple interests of Eddie, Johnnie Mae, James, and Lillie. For the reasons that follow, we disagree with Appellants and affirm the final judgment.

## BACKGROUND

In 1911, Lizzie McClary and Ella McCollough, two sisters, obtained a forty-acre property by a recorded deed. In 1985, a recorded deed vested the southern twenty acres of the forty-acre property in Lillie Dorsey, Mary Thompson, and Josephine Robinson, who are sisters and some of the grandchildren of Ella. In fact, all the parties are descendants of Ella. In 2005, the three sisters signed two deeds—one deed vested in Lillie two acres of the southern twenty-acre parcel, which included a house, and the other deed vested in Mary and Josephine the remaining eighteen acres of the southern twenty-acre parcel. In 2007, Mary and Josephine deeded the eighteen acres to themselves and to Josephine's son Franklin Robinson.

In 2016, Appellees brought an action against Appellants for quieting title, ejectment, trespass (which was later dismissed), and declaratory judgment. Appellants filed a counter-complaint for quieting title and partition. The parties disputed in part what interests, if any, Appellants have in the eighteen acres of the southern twenty-acre parcel. Appellants claimed they are fee simple owners, whereas Appellees contended that they have at most a possessory interest. Appellees stipulated that Eddie Dorsey, Audrey Dorsey, Lorenzo McCray, Dolors McCray, Johnnie Mae Dorsey, and Jocelyn Hightower satisfy the possession exception of section 712.03(3), Florida Statutes, to the Marketable Record Title Act ("MRTA") and, thus, have a right of possession with regard to the property they currently possess.

Following a non-jury trial, the trial court entered a final judgment, finding that the evidence supported Appellees' concession that the six Appellants meet the possession exception of section 712.03(3), as well as their claim that Lillie Dorsey and James Dorsey do not meet that exception as to the eighteen acres. The court further found that Appellants have no legal interest of record and did not demonstrate that they have a fee simple or other

2

ownership interest in the land. The court concluded that the 1985 deed is a valid root of title under the MRTA and that except for the Appellants who are in possession of certain areas of the eighteen acres pursuant to section 712.03(3), the rest of the Appellants have no rights to ownership or possession in the eighteen acres. Accordingly, the court quieted all rights, title, and interest to the eighteen acres in Appellees, except for the Appellants who have a possessory interest under section 712.03(3). This appeal followed.

## ANALYSIS

Questions of statutory construction are reviewed *de novo*. *W. Fla. Reg'l Med. Ctr., Inc. v. See*, 79 So. 3d 1, 8 (Fla. 2012). The polestar of statutory construction is legislative intent, and to discern legislative intent, the court must first look to the plain and obvious meaning of the statute's text, which may be discerned from a dictionary. *Id.* at 9. If the statutory language is clear and unambiguous, the court must apply that unequivocal meaning and may not resort to the rules of statutory construction. *Id.*

The MRTA was enacted in 1963 and provides that:

Any person having the legal capacity to own land in this state, who, alone or together with her or his predecessors in title, has been vested with any estate in land of record for 30 years or more, shall have a marketable record title to such estate in said land, which shall be free and clear of all claims except the matters set forth as exceptions to marketability in s. 712.03. A person shall have a marketable record title when the public records disclosed a record title transaction affecting the title to the land which has been of record for not less than 30 years purporting to create such estate either in:

(1) The person claiming such estate; or

(2) Some other person from whom, by one or more title transactions, such estate has passed to the person claiming such estate, with nothing appearing of record, in either case, purporting to divest such claimant of the estate claimed.

3

§ 712.02, Fla. Stat. (2016). Subject to section 712.03, "a marketable record title is free and clear of all estates, interests, claims, or charges, the existence of which depends upon any act, title transaction, event, or omission that occurred before the effective date of the root of title"; except as provided in section 712.03, "all such estates, interests, claims, or charges . . . are declared to be null and void." § 712.04, Fla. Stat. (2016).

The legislative intent is for the MRTA to "be liberally construed" to effectuate its "purpose of simplifying and facilitating land title transactions." § 712.10, Fla. Stat. (2016). The MRTA accomplishes that purpose in two ways: "First, it gives to a person marketable title when public records disclose a title transaction, of record for at least thirty years, which purports to create the estate either in that person or in someone else from whom the estate has passed to that person." *ITT Rayonier, Inc. v. Wadsworth*, 346 So. 2d 1004, 1008-09 (Fla. 1977). Second, subject to enumerated exceptions, "it extinguishes all interests in the estate which predate the root of title.'" *Id.; see also* § 712.10, Fla. Stat. (stating that the MRTA accomplishes its purpose "by allowing persons to rely on a record title as described in s. 712.02 subject only to such limitations as appear in s. 712.03"). As such, "[t]he chief purpose of the act is to extinguish stale claims and ancient defects against the title to real property, and, accordingly, limit the period of [title] search." *Cirelli v. Ent*, 885 So. 2d 423, 433 (Fla. 5th DCA 2004) (quoting *City of Miami v. St. Joe Paper Co.*, 364 So. 2d 439 (Fla. 1978)); *see also Fla. Dep't of Transp. v. Clipper Bay Investments, LLC*, 160 So. 3d 858, 863-65 (Fla. 2015) (noting that the MRTA is a curative act and eliminates stale claims to real property, with certain enumerated exceptions, and that the burden of demonstrating the applicability of an exception to marketability rests with the party claiming the exception).

Here, there is no dispute that the 1985 deed is a valid root of title and Appellees have had an unbroken chain of title for at least thirty years since the deed was recorded. The question is whether some of the Appellants meet an exception to marketability.

There are nine exceptions to marketability under section 712.03, which provides in part:

Such marketable record title shall not affect or extinguish the following rights:

. . . .

(3) Rights of any person in possession of the lands, so long as such person is in such possession.

(4) Estates, interests, claims, or charges arising out of a title transaction which has been recorded subsequent to the effective date of the root of title.

§ 712.03, Fla. Stat. (2016).

The parties disagree on what constitutes "possession" under section 712.03(3), which is the only exception at issue. The MRTA does not define the term "possession"; thus, we look to the dictionary definition to discern the plain meaning of the statute's text. *See Boatman v. Hardee*, 254 So. 3d 604, 608 (Fla. 1st DCA 2018) ("'When necessary, the plain and ordinary meaning of words can be ascertained by reference to a dictionary.'" (quoting *Reform Party of Florida v. Black*, 885 So. 2d 303, 312 (Fla. 2004)). "Possession" is defined as occupancy or control. *See* BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "possession" as "[t]he fact of having or holding property in one's power; the exercise of dominion over property," "[t]he right under which one may exercise control over something to the exclusion of all others," "[s]omething that a person owns or controls"); MERRIAM-WEBSTER DICTIONARY (defining "possession" as "control or occupancy of property without regard to ownership," "ownership," "something owned, occupied, or controlled"); OXFORD DICTIONARIES (defining "possession" in law as "[v]isible power or control over something, as distinct from lawful ownership; holding or occupancy as distinct from ownership"); *see also Dep't of Transp. v. Mid-Peninsula Realty Inv. Grp., LLC*, 171 So. 3d 771, 772 (Fla. 2d DCA 2015) (finding that the trial court properly resorted to the dictionaries to define "possession" under section 712.03(3) as "visible power or control over something, as distinct from lawful ownership; holding or occupancy; control or occupancy," and concluding that the evidence of the appellant's employees periodically traversing the land to access a canal and its actions in asking a company to move sheds

5

and vehicles from the land was insufficient to satisfy the definition of possession).

Appellants argue that the trial court erred by finding that they failed to establish possession for purposes of section 712.03(3) as to James and Lillie Dorsey.  The evidence shows that James owns a mobile home on the southern twenty-acre parcel, but he moved off the property in 1982.  Upon moving, he allowed his ex-wife to continue living in the home until her death in 2014.  The home has been unoccupied since then, though he continues to pay the yearly mobile home tag, otherwise maintains the home, and cuts the grass.  He testified that he has absolute control over the mobile home and would not need Appellees' permission to lease it.  As such, it is undisputed that James does not occupy the property, and the question becomes whether he has sufficient control to satisfy section 712.03(3).  While James has control over the mobile home, we conclude that the evidence is insufficient to establish his control of the lands to prove the applicability of the exception.  *See* § 712.03(3), Fla. Stat. (requiring "possession of the lands").  We find significant the evidence that at least part of James's mobile home is located on the two acres Lillie owns, not on the eighteen acres at issue.

As for Lillie, while the evidence demonstrates that she has been residing on the southern twenty-acre parcel, it likewise establishes that she relinquished her interest in the eighteen acres at issue in exchange for the remaining two acres through the 2005 deed so she could build a home on her lot.  Appellants claim on appeal that Lillie's home is actually located on the eighteen acres, not on her two acres as found by the trial court, but there is no competent, substantial evidence in the record to support that assertion.  Therefore, we agree with the trial court's conclusion that James and Lillie Dorsey do not satisfy the section 712.03(3) exception to marketability and, thus, have no interest in the eighteen acres at issue.

Appellants further argue that the trial court erred by reducing the inherited fee simple interests of Johnnie Mae and Eddie Dorsey to possessory interests.  Appellants base their ownership claim on two 1970s probate orders that determined the heirs of Ella McCollough and Lizzie McClary and the shares of those heirs'

6

interest in the sisters' estates, and they point to the laws of intestate succession. However, as the trial court found, Appellants presented no evidence of a legal interest of record in the eighteen acres. Nor did they present competent, substantial evidence about when various family members died, whether they died intestate, and who survived them. *See* § 732.101, Fla. Stat. (2016) (providing that any part of an estate not disposed of by will passes to the decedent's heirs as prescribed in the probate code and the decedent's death is the event that vests the heirs' right to the intestate property); § 732.102, Fla. Stat. (2016) (setting forth the intestate share of the surviving spouse depending on whether the decedent and/or surviving spouse have any surviving descendants); § 732.103, Fla. Stat. (2016) (setting forth the share of the other heirs). Therefore, we agree with the trial court's finding that Appellants failed to establish a fee simple interest in the subject property.

Accordingly, we affirm the final judgment.

AFFIRMED.

LEWIS, ROWE, and MAKAR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Wendy S. Loquasto of Fox & Loquasto, LLC, Tallahassee, for Appellants.

Joseph R. Boyd and James M. Durant, Jr., of Boyd & Durant, P.L., Tallahassee, for Appellees.

7