DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENNETH DEVINO,** an individual, and **2436 EAST LAS OLAS BLVD.
STORES, LLC,** a Florida limited liability company,
Appellants,

v.

**2436 EAST LAS OLAS, LLC,** a Florida limited liability company,
Appellee.

No. 4D19-1931

[November 4, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; John B. Bowman, Judge; L.T. Case No. CACE 14-003937
(02).

Ira Marcus and Sloan A. Carr of Ira Marcus, P.A., Fort Lauderdale, for
appellants.

Christian A. Petersen and Matthew C. Sanchez of Hackleman, Olive &
Judd, Fort Lauderdale, for appellee.

WARNER, J.

In this appeal from a final declaratory judgment determining that an
easement created over appellant's property was an easement appurtenant,
appellant contends that instead an easement in gross was created. Relying
on the language in the agreement, the totality of the circumstances, and a
legal presumption favoring an easement appurtenant, we affirm.

In 1948, L.B. Jackson & Co., granted an easement to Howard M. Hook,
for consideration. Jackson, the owner of the parcel, granted to Hook a
"right-of-way easement for driveway purposes only" across Jackson's
property. The recorded agreement stated:

> It is understood and agreed that the right-of-way easement
> shall be for driveway purposes only to be mutually used as a
> joint driveway of each of the parties and that by mutual
> consent to be executed in writing with the same formalities as
> this instrument the said easement may be cancelled.

Hook and his wife owned the adjacent parcel, which was benefitted by the easement, as it created a driveway from their property across Jackson's property to a main thoroughfare. Hook died in 1971. The parcel of property owned by the Hooks was transferred several times until appellee purchased it in 2013. Each transfer was made subject to easements of record. Similarly, the Jackson parcel was conveyed several times, with appellant purchasing the property in 1983. That deed, and all prior deeds, conveyed the property subject to all easements.

In 2013, appellant placed an obstruction in the driveway, blocking access to appellee's property from Riviera Boulevard. When that obstruction was removed, appellant put another in its place. Appellee then filed suit for injunction to prevent appellant from blocking the driveway, as well as a for declaratory relief to determine that the easement is an "easement appurtenant" running with the land. Appellant responded by filing an answer and a counterclaim seeking to have the easement agreement deemed an easement in gross which terminated with the death of Hook in 1971.

At trial, the parties stipulated to the documents regarding the title transfers, and counsel argued their respective positions. The court entered its final judgment, determining that the easement was an easement appurtenant which runs with the land. Appellant challenges that ruling in this appeal.

Interpretation of easements is a matter of law. *Jewett v. Leisinger*, 655 So. 2d 1210, 1212 (Fla. 4th DCA 1995). The standard of review of decisions of law is de novo. *S. Baptist Hosp. of Fla. Inc. v. Welker*, 908 So. 2d 317, 319-20 (Fla. 2005).

In *Palm Beach County v. Cove Club Investors*, 734 So. 2d 379 (Fla. 1999), the supreme court explained the difference between an easement in gross and an easement appurtenant but adopted the general principle that the law favors easements appurtenant.

Easements in gross and appurtenant have been described as follows:

> Whether an easement in a given case is appurtenant or in gross depends mainly on the nature of the right and the intention of the parties creating it. Similarly stated, whether an easement is appurtenant or in gross is to be determined by the intent of the parties as gathered from the language employed, considered in the light of surrounding

2

circumstances. Again, whether an easement is appurtenant or in gross is to be determined by a fair interpretation of the grant or reservation creating the easement, aided, if necessary, by the situation of the property and the surrounding circumstances.

**Easements in gross are not favored by the courts, however, and an easement will never be presumed as personal when it may fairly be construed as appurtenant to some other estate.** Thus, if an easement is in its nature an appropriate and useful adjunct of the land conveyed, having in view the intention of the parties as to its use, and there is nothing to show that the parties intended it to be a mere personal right, it should be held to be an easement appurtenant and not an easement in gross. **If doubt exists as to its real nature, an easement is presumed to be appurtenant and not in gross.**

734 So. 2d at 383 n.13 (quoting 25 Am. Jur. 2d *Easements and Licenses in Real Property* § 12 (1996)) (emphasis supplied).

While appellant contends that the easement is unambiguous and was personal to the grantee, Hook, we disagree. Considering both the language of the easement as well as the surrounding circumstances, and given the admonition that an easement will *never* be construed as personal when it can be construed as appurtenant to some other estate, the easement is clearly appurtenant. The language of the agreement begins with the phrase "THIS AGREEMENT AND INDENTURE . . ." An "indenture" reflects an interest in real property. *See* § 689.02, Fla. Stat. (2019). The easement benefited the parcel owned by Hook and provided access for the parcel to the street. The agreement was executed with the formality of a deed, including witnesses, notarization, and recording.

Significantly, the agreement is not terminable except by a written agreement executed by both parties with the same formalities as a deed. There is no evidence to show that either party intended this to be personal and terminable at the will of either party or upon the death of either party. That subsequent deeds for forty years referred to the easement, including deeds executed long after the death of the original parties, enforces that determination.

Appellant cites to *Burdine v. Sewell,* 109 So. 648 (Fla. 1926) for support, but that case is distinguishable. There, Sewell owned a parcel of land fronting on 12th Street, but the only access to a side street was through a

3

parcel owned by Fort Dallas Land Company. When Ft. Dallas attempted to block this access, the parties entered into an agreement whereby Ft. Dallas would allow access over its lot *so long as* Sewell gave Ft. Dallas access across Sewell's lot. Years later, Burdine, a tenant of a subsequent owner of the Ft. Dallas lot, erected a barrier obstructing the alley. Sewell filed for injunction, and Burdine answered, arguing that the agreement was merely a license. The supreme court agreed. The court noted that the agreement was not a deed but an agreement granting "reciprocal personal privileges to the parties." *Id.* at 654. The use of the phrase "so long as" implied a limitation on the duration of the passageway, which in *Burdine* could be terminated unilaterally by either party refusing to allow use of their respective parcel as a passageway.

In contrast, there is no similar language of limitation in the easement deed in this case. Furthermore, the agreement could not be terminated unilaterally. *Burdine* does not control. Nor, for that matter, do the other cases cited by appellant. The easement agreement in *Jabour v. Toppino*, 293 So. 2d 123 (Fla. 3d DCA 1974) stated expressly that the agreement was a personal one, revocable by the grantor. In *Walters v. McCall*, 450 So. 2d 1139 (Fla. 1st DCA 1984), an easement granting a footpath to the beach provided that it was "solely for the benefit of the owner or owners" of the dominant parcel. When a subsequent owner of the dominant estate set up a campground and allowed campers to use the easement, the servient estate owner filed suit. The court held that the language of the easement, together with the surrounding circumstance that the use of the lots at the time was residential, did not contemplate the lot's use by patrons of a campground. The wording of the easement and the holding of the case do not support appellant's argument.

Appellant also argues that the easement deed did not name Hook's spouse, who was also an owner of the dominant parcel, indicating that it was personal to Hook. However, the fact that his spouse was not named is not conclusive of the type of easement created. Nor have we been pointed to any authority which would require her joinder as a grantee to create an easement appurtenant. *Burdine* does not state otherwise. There, the court noted that in order to create an easement, it must be executed by all owners who are *conveying* an easement over their property, just as any conveyance of property must be joined in by all owners of the property. 109 So. at 653. Moreover, reviewing the deed executed by Hook and his spouse to Hook Construction several years later, both husband and wife conveyed to the company "all of *their* right, title, and interest" in the easement, thus treating it as an easement running with the land and not personal to Mr. Hook.

4

We affirm the final judgment of the trial court because we conclude that the court did not err in determining that the agreement created an easement appurtenant.

*Affirmed.*

GERBER and ARTAU, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**